# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD BAYS,

:

    Petitioner,

Case No. 3:08-cv-076

:

  -vs-

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

:

    Respondent.

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR DISCOVERY; SCHEDULING ORDER

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Discovery (Doc. No. 38) which the Warden opposes (Doc. No. 39) and as to which Petitioner has filed a Reply (Doc. No. 40).

### Standard for Habeas Discovery

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, *citing United States v. Armstrong*, 517 U.S. 456 (1996). The burden of

-1-

demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003), *quoting Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974, (6th Cir. 2004), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id., citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. §2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus. This part of the *Bracy*

analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Secondly, the Supreme Court identified circumstances which corroborated Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981. The lawyer announced that he was ready for trial just a few weeks later. He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation. Tr. of Oral Arg. 43. At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case. Tr. of Oral Arg. 17-18, 43-44. This is, of course, only a theory at this point; it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan. It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908 (footnotes omitted).

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

*Id*. at 909. The quoted "specific allegations" language is from *Harris v. Nelson, supra,* and demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation.

**Analysis**

**Depositions of Trial Counsel**

Petitioner seeks to depose his trial attorneys, Ronald Keller and David Miles, in support of his first four grounds for relief which assert ineffective assistance of trial counsel in failure to support the motion to suppress, advising Petitioner to waive trial by jury, failing to present a defense at trial, and ineffective assistance at the penalty phase.

The Warden opposes this discovery because he asserts these are either record-based claims which were considered on direct appeal (Grounds Two and Four) or Petitioner was given an opportunity to develop the record by allowing him an evidentiary hearing on his petition for post-conviction relief under Ohio Revised Code § 2953.21 (Grounds One and Three).

Petitioner replies that:

> Claims of ineffective assistance of counsel require evidence outside the record to be fully litigated, however. *Richey v. Bradshaw,* 498 F.3d 344, 358-59 (6th Cir. 2007) (citing *Byrd v. Collins*, 209 F.3d 486, 521 (6th Cir. 2000) (stating that Ohio's res judicata rule "has been consistently interpreted to stand for the proposition that a claim of ineffective assistance of trial counsel, which is dependent on evidence outside the record, is to be raised in a post-conviction proceeding rather than on direct appeal.")

(Reply Memorandum, Doc. No. 40, at 2.)

Petitioner has accurately quoted the opinion in *Byrd* which reads with slightly more context:

> Finally, *State v. Cooperrider,* 4 Ohio St. 3d 226, 448 N.E.2d 452 (Ohio 1983), upon which Petitioner relies heavily, is entirely consistent with *Cole. Cooperrider* has been consistently interpreted to stand for the proposition that a claim of ineffective assistance of trial counsel, which is dependent upon evidence outside the record, is to be raised in a post-conviction proceeding rather than on direct appeal. See, e.g., *State v. Kent*, 1998 Ohio App. LEXIS 873, No. 96 CA794, 1998 WL 106158, at *4 (Ohio Ct. App. 4 Dist., Mar. 4, 1998); *State v. Hull*, 1990 Ohio App. LEXIS 568, No. 58024, 1990 WL 14156, at *1 (Ohio Ct. App. 8 Dist., Feb. 15, 1990).

*Byrd v. Collins*, 209 F.3d 486, 522 (6th Cir. 2000). However, as written, *Byrd* misstates Ohio law by placing commas on either side of the phrase "which is dependent on evidence outside the record." By placing the commas around the phrase, the author made the phrase nonrestrictive and thereby misstated Ohio law. *See* Bryan A. Garner, A Dictionary of American Usage, at 648 (1998). In other words, the meaning of the phrase as written in *Byrd* is that **every** claim of ineffective assistance of trial counsel requires evidence outside the record and thus **must** be raised in post-conviction. However, in *Byrd* itself, just two pages earlier, the Sixth Circuit recognized that Ohio's criminal *res judicata* rule applies to bar an ineffective assistance of trial counsel claim in post-conviction where the issue could have been raised on direct appeal and the defendant was represented by new counsel on direct appeal:

> In *State v. Cole,* 2 Ohio St. 3d 112, 443 N.E.2d 169 (Ohio 1982), the state supreme court articulated how this procedural rule would apply with respect to ineffective assistance of trial counsel claims. The court explained: "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors [i.e., outside] the record, res judicata is a proper

> basis for dismissing defendant's petition for post-conviction relief."
> 443 N.E.2d at 170 (syllabus).

*Byrd*, 209 F.3d at 520 (6th Cir. Ohio 2000). Thus Ohio law is correctly stated as "a claim of ineffective assistance of trial counsel which is dependent on evidence outside the record is to be raised in a post-conviction proceeding rather than on direct appeal." The error in the statement in *Byrd* is made correct by making the phrase restrictive rather than nonrestrictive.

All of that said, the fact that these two claims were raisable and were in fact raised on direct appeal does not mean that there could not be additional evidence outside the record on direct appeal which would be relevant and probative on these claims. Respondent cites no law to support the proposition that "[r]ecord based claims do not require further discovery for resolution in this Court." (Memo in Opp., Doc. No. 40, at 3.) To put it another way, if these claims were raised on direct appeal because appellate counsel knew that they had to be raised or they would be procedurally defaulted (because of the Ohio criminal *res judicata* rule), but there is additional evidence which is probative but which the Petitioner was prevented from presenting in post-conviction, it may well be that such evidence would be admissible here, since it would appear to come within 28 U.S.C. § 2254(e)(2). Therefore, Petitioner may depose his trial counsel on his second and fourth claims of ineffective assistance of trial counsel.

He may also depose trial counsel on the first and third claims of ineffective assistance of trial counsel. With respect to those two claims, Petitioner has shown that he was denied discovery in the post-conviction proceeding and his evidentiary hearing was limited, although the precise contours of those limitations are not set out in the motion papers.

**Discovery of the Xenia Police Department File**

Petitioner also seeks to obtain in discovery "[t]he complete Xenia Police Department files regarding the investigation of the murder of Charles Weaver." As grounds therefor, Petitioner asserts his trial counsel argued that the informant could only have had such graphic knowledge of the crime if he had participated or witnessed it.

Respondent argues that the informant is anonymous – his or her name is unknown to the Xenia Police Department – and Petitioner does not dispute this in his Reply. In his Fifth Ground for Relief, he claims that admission of his inculpatory statement denied him due process and a fair trial because it was involuntary. In his Eighth Ground for Relief, he claims he was denied due process and a fair trial because the trial court refused to require the police to divulge the name of the informant.

Petitioner simply has not demonstrated how anything in the Xenia police file could provide further evidence that his statement was involuntary. At a more basic level, he has failed to argue, at least in the instant motion papers, why a refusal to disclose an informant's name violated his constitutional right to a fair trial, particularly if the informant was indeed anonymous to the police.[1] The assertion that relevant probative evidence on these two claims is to be found in the Xenia Police files is at this point speculative. Discovery of those files is denied.

---

[1] If the informant was indeed a participant in the crime, how much of his identity is already known to Petitioner? Name? Description?

**Scheduling Order**

Per the Court's Scheduling Order, all discovery in this case shall be completed not later than November 9, 2009, and any motion for evidentiary hearing shall be filed not later than December 9, 2009.

September 10, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge