UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD BAYS

        Petitioner,

-v-

WARDEN, Ohio State Penitentiary

        Respondent.

Case No. 3:08-cv-076

Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

THIS IS A DEATH PENALTY CASE

---

**ENTRY AND ORDER OVERRULING THE WARDEN'S OBJECTIONS (Doc. #123) TO THE MAGISTRATE'S DECISION (Doc. #121) TO GRANT BAYS' MOTION TO AMEND**

---

This matter is a capital habeas corpus case brought by Richard Bays ("Bays"). Bays filed a Motion for Leave To File an Amended Petition (doc. #114) which Magistrate Judge Michael R. Merz granted (doc. #121). The Warden has objected to the granting of this Motion (doc. #123) and Bays has responded to the Warden's Objections (doc. #125).

Magistrate Judge Merz granted Bays leave to file an amended Petition to add two Grounds for Relief: that his execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment and that his execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law. Magistrate Judge Merz relied upon the general proposition that leave to amend should be freely granted when justice so requires. He found the Warden's arguments that Bays must proceed in § 1983 and that Bays amendments were untimely without merit for the reasons given in *Hughbanks v. Hudson*, Case No. 1:07-cv-111. The conclusion regarding a suggested § 1983 claim is supported by *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011).

The conclusion regarding timeliness is more fully supported in the *Hughbanks* Decision and Order.

The Magistrate Judge's decision granting Bays' Motion for Leave To File an Amended Petition is a non-dispositive order. Federal Rule of Civil Procedure 72(a) provides that a district court must modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law. *American Coal Sales Co. v. Nova Scotia Power, Inc.*, No. 2:06-cv-94, 2009 WL 467576 at *13 (S.D. Ohio Feb. 23, 2009)(citing Fed. R. Civ. P. 72(a)). Thus, a "clearly erroneous" standard applies to factual findings made by the magistrate judge. *Id.* Legal conclusions are reviewed under the more lenient "contrary to law" standard. *Id.* Both of these standards provide considerable deference to the determinations made by the magistrate judge. *Id.* (citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Id.* The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable. *Id.* (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986)). A legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law…." *Id.*(citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

In this case, this District Judge has reviewed the Magistrate Judge's factual findings and finds that they are not clearly erroneous. The District Judge has also reviewed the Magistrate Judge's conclusions of law and finds that they do not contradict or ignore applicable law.

Therefore, the Warden's Objections to the Magistrate Judge's Decision and Order regarding the filing of an amended Petition are OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirtieth Day of May, 2012.

                   **s/Thomas M. Rose**
                 _____
                    THOMAS M. ROSE
               UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record