# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD BAYS,

                        Petitioner,

          -vs-

WARDEN, Ohio State Penitentiary,

                        Respondent.

:

:

:

Case No. 3:08-cv-076

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (Doc. No. 139) to the Magistrate Judge's Report and Recommendations (the "COA Report," Doc. No. 137) on Petitioner's Motion for Certificate of Appealability (Doc. No. 128). As permitted by Fed. R. Civ. P. 72, the Respondent has filed a Response to those Objections (Doc. No. 140). With the Court's permission, Petitioner has filed a Reply to the Warden's Response (Doc. No. 144). Judge Rose has recommitted the matter to the Magistrate Judge for further analysis in light of the Objections (Doc. No. 141).

The Petition pled eleven Grounds for Relief. Ground Nine and portions of Ground Four were dismissed as procedurally defaulted; Ground Ten was dismissed as not yet ripe (Entry and Order, Doc. No. 34). The remaining Grounds were dismissed on the merits (Entry and Order, Doc. No. 134). The two lethal injection claims added by amendment in May, 2012, are not yet ripe. Bays seeks a certificate of appealability on all Grounds for Relief except Ground Ten. The Warden opposes any certificate of appealability and the Magistrate Judge has recommended

1

granting a certificate only on Ground Five (COA Report, Doc. No. 137). Bays has objected to the COA Report insofar as it denies a certificate, but the Warden has not objected to the grant on Ground Five.

## Non-Compliance with Page Limit Rule

Bays' Objections do not comply with General Order DAY 12-01 (On Pretrial and Trial Procedures for Use in All Civil Cases in Dayton) which requires in pertinent part

> Memoranda in support of or in opposition to any motion shall not exceed twenty pages without first obtaining leave of Court (which in Judge Rose's cases must be requested at least three working days in advance of the deadline for filing the document). The request must include a proposed page length and the reasons for exceeding the usual page limit. If leave of Court is granted, counsel must also comply with the table of contents and summary requirements of S. D. Ohio Civ. R. 7.2(a)(3).

Bays' Objections are 27-pages long and no permission to exceed the page limit was requested or received before filing. Moreover, S. D. Ohio Civ. R. 7.2(a)(3) provides:

> In all cases in which memoranda exceed twenty (20) pages, counsel must include a combined table of contents and a succinct, clear and accurate summary, not to exceed five (5) pages, indicating the main sections of the memorandum, the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found.

While Bays' Objections include a table of contents (PageID 2291-2292), no summary is included.

**Analysis**

**Ground One**

In his First Ground for Relief, Bays claims he was deprived of effective assistance of counsel when his attorney failed to present cogent evidence to support a motion to suppress Bays's confession to the police. In the Report and Recommendations on the Merits, the Magistrate Judge recommended denying this Ground for Relief on the merits because the underlying substantive claim on admissibility of the confession was meritless (the "Merits Report," Doc. No. 109, PageID 1576). The District Court adopted this recommendation over Petitioner's objection (Entry and Order, Doc. No. 134, PageID 2222-2223.) Bays seeks a certificate of appealability on this Ground for Relief on the grounds that:

> the Magistrate Judge failed to consider all of the evidence that was submitted in the state postconviction proceedings in support of this claim, and instead limited his inquiry to the record that was before the Ohio Supreme Court on direct review. (Objections, Doc. No. 127, PageID 2081-82.) Furthermore, AEDPA is inapplicable to *Strickland's* prejudice requirement in Bays' case because no Ohio state court has ever considered the cumulative prejudice resulting from all of trial counsel's errors. (Objections, Doc. No. 127, PageID 2082 and n. 4.) As a result, a reasonable jurist could conclude that Bays' First Ground for Relief is meritorious, and a certificate of appealability is therefore warranted. See *Miller-El*, 537 U.S. at 327.

(Motion for COA, Doc. No. 128, PageID 2132-2133.) In recommending denial of a certificate of appealability on this Ground for Relief, the Magistrate Judge rejected both of these arguments (COA Report, Doc. No. 137, PageID 2253).

Bays first objection is that there was more evidence supporting the ineffective assistance

of trial counsel claim in post-conviction than was presented in support of the motion to suppress and therefore considered on direct appeal (Bays' COA Objections, Doc. No. 139, PageID 2294-2296). Bays' premise is correct: on post-conviction, the Ohio courts had testimony from Bays' stepson, Ryan Scott Pleukharp, that he had seen Bays use crack just before being interrogated on November 19, 1993, and confessing. It also had testimony from Martha Bays, Petitioner's wife, that Pleukharp told her of his observations the next day and that she later found drug paraphernalia in the bathroom. *State v. Bays*, No. 2003 CA 4, 2003 WL 21419173 * 2 (Ohio App. 2nd Dist. June 20, 2003). This testimony was not before the trial court on the motion to suppress. Indeed, that is the gravamen of Bays' First Ground for Relief, to wit, that his attorneys failed to offer this evidence although it was allegedly available to them – Martha Bays also testified she told the trial attorneys about it before the motion to suppress hearing. *Id.*

Bays is correct that the Merits Report should not have relied exclusively on the lack of merit of the Fifth Ground for Relief as a basis for denying the First Ground for Relief. Nevertheless, a certificate of appealability should not be granted on the First Ground for Relief because it is without merit and its merits are not debatable among reasonable jurists for the following reasons.

As noted in the Merits Report (Doc. No. 109, PageID 1575-1576), this ineffective assistance of trial counsel claim was raised in post-conviction and preserved on appeal where the appellate court held:

> Bays claims that trial counsel was ineffective in addressing several issues at his suppression hearing and at trial: his drug use and borderline intellect as affecting the voluntariness of his confession, his drug use shortly before his confession, coercion of his wife to get him to confess, and the credibility of an inmate who testified against him. General evidence regarding Bays' drug use and borderline intellect has been thoroughly addressed in prior proceedings. We will briefly address each of the other issues raised

under this assignment of error.

At the hearing on the petition for postconviction relief, Bays' stepson, Ryan Scott Pleukharp, testified that he had seen Bays using crack cocaine in the bathroom at their house just before the police arrived to take him in for questioning on November 19, 1993. Bays confessed to Weaver's murder a short time later. Bays' wife partially corroborated Pleukharp's testimony by testifying that Pleukharp had told her of his observation the next day. Martha Bays also testified that she had later found drug paraphernalia on the ledge above the bathroom door. Martha Bays claimed that she had relayed all of this information to Bays' attorney at their first meeting but that he had not used it at the suppression hearing.

The trial court found the testimony of Pleukharp and Martha Bays to be lacking in credibility, and, in our view, this conclusion was a reasonable one. On cross-examination, Martha Bays appeared to concede that, in an unrelated case, she had encouraged her son to deny involvement in a crime to which he had already confessed. Moreover, it had been determined in earlier proceedings in this case that the police had not engaged in coercive conduct and that any alleged impairment on Bays' part was not apparent to the officers. See *Bays*, 87 Ohio St.3d 15, 23, 1999-Ohio-216. Even if Bays had used crack cocaine at the time alleged, the voluntariness of his confession was not implicated if the police officers did not know of and take advantage of that fact. *State v. Smith*, 80 Ohio St.3d 89, 112, 1997-Ohio-335, citing *Colorado v. Connelly* (1986), 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473.

(Merits Report, Doc. No. 109, PageID 1576, quoting *Bays*, 2003 WL 21419173 at *2.)

Thus the trial court on postconviction remand made a straight credibility determination. That determination was plainly reasonable: Pleukharp and Martha Bays as relatives of Petitioner were interested witnesses and their testimony was not corroborated by that of the trial attorney to whom Ms. Bays allegedly conveyed the information. Ms. Bays was separately impeached by a showing she had earlier encouraged her son to lie in a criminal proceeding. Even had the testimony been presented at the suppression hearing, it is likely the trial judge would have found it not credible at that time as he later did on postconviction.

Assuming the truth of Martha Bays' statement that she told the trial attorney what she

and Pleukharp later testified to in postconviction, a competent trial attorney would recognize the credibility problems associated with presenting that testimony. Trial counsel could well have calculated that presenting evidence of dubious credibility would not have strengthened the suppression motion. The decision of the Second District Court of Appeals that it was not ineffective assistance of trial counsel to fail to present this evidence is not an unreasonable application of the relevant Supreme Court precedent, *Strickland v. Washington*, 466 U.S. 668 (1984)[1], or even arguably unreasonable among jurists of reason.

In his second objection as to the First Ground for Relief, Bays objects to the Magistrate Judge's conclusion that AEDPA deference is warranted as to the state courts' conclusion of lack of prejudice from counsels' errors (the second prong of *Strickland* analysis) because, he says, "no state court has ever considered the cumulative prejudice resulting from all of counsel's errors." (Objections, Doc. No. 139, PageID 2296.)

In his COA Motion as authority for the proposition that the state courts must consider the prejudice from trial counsels' errors cumulatively, Bays cited only *Cargle v. Mullins*, 317 F.3d 1196 (10th Cir. 2003). In the COA Report, the Magistrate Judge rejected this argument in part because it was based solely on Tenth Circuit precedent (COA Report, Doc. No. 137, PageID 2255-2256). Bays now asserts the Sixth Circuit has adopted this proposition of law in *Stewart v. Wolfenbarger*, 468 F.3d 338, 361 (6th Cir. 2004) and *United States v. Munoz*, 605 F.3d 359, 377 (6th Cir. 2010), *cert denied*, ___ U.S.___, 131 S. Ct. 1813 (2011).

*Stewart* was a murder case in which petitioner asserted ineffective assistance of trial counsel in four respects. 468 F.3d at 350. The Sixth Circuit found no deficient performance as to the first two of those claims. *Id*. at 353-354. The other two claims were that trial counsel

---

[1] Judge Wolff does not cite *Strickland* or Ohio law embodying the Strickland doctrine, but that does not deprive the court of appeals' opinion of entitlement to AEDPA deference. *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 784 (2011).

"failed to file a proper notice of alibi witnesses, and that she failed to investigate Delshawn Williams as a potential witness." *Id*. at 355. The court found deficient performance as to both of these omissions. *Id*. It then found that each of these errors, considered separately, was prejudicial to the defense. It then makes the statement quoted by Bays: "When determining prejudice, the Court must consider the errors of counsel **in total**, against the totality of the evidence in the case." *Id*. at 361 (emphasis added), citing *Strickland* for the totality of the evidence point. Trial counsel's errors both related to petitioner's alibi defense so that they worked together to weaken that defense. It thus made logical sense to weigh the combined effect of weakening the alibi defense against all the other evidence in the case, although the court did not cite *Cargle* or offer any analysis of its use of the words "in total."

Munoz claimed his trial attorney was ineffective in that he failed

> (1) to investigate potential character witnesses adequately, (2) to move for a change of venue or a continuance, (3) to cross-examine Tagaban adequately, and (4) to impeach Tagaban's testimony using the pre-sentence reports from his prior convictions and a prior inconsistent statement.

*Munoz*, 605 F. 3d at 377. While the *Munoz* court does quote the language from *Stewart* relied on by Bays, it goes on to find no deficient performance on any of the claims and separately considered the possible prejudice on the first two. Thus in *Munoz* there were no errors to cumulate and the court weighed possible prejudice separately.

In *Mackey v. Russell*, 148 Fed. Appx. 355 (6th Cir. 2005), the court held "[i]n making this determination as to prejudice, we examine the combined effect of all acts of counsel found to be constitutionally deficient, in light of the totality of the evidence in the case." 148 Fed. Appx. at 364, *citing Blackburn v. Foltz*, 828 F.2d 1177, 1186 (6th Cir. 1987)("We cannot escape the conclusion that counsel's errors, in combination, effectively deprived Blackburn of a meaningful

defense.")  While not agreeing with Mackey in all his assertions of ineffective assistance of trial counsel, the Circuit found three instances of deficient performance and cumulated the prejudice from them against the otherwise weak evidence to grant the writ.  Judge Gibbons in dissent recognized the appropriateness of cumulating counsel's errors.  148 Fed. Appx. at 370.

Although *Munoz* is weak support, the Magistrate Judge concludes Bays is correct that, under *Strickland*, trial counsel's instances of deficient performance must be cumulated and their prejudicial effect weighed against the totality of the other evidence in the case[2].  Of course, in originally citing only Tenth Circuit authority and not the Sixth Circuit authority on which they now rely, Bays' counsel ignored S. D. Ohio Civ. R. 7.2(b)(2) which provides:

> **Preferred Authorities.** In citing authorities, the Court prefers that counsel rely upon cases decided by the Supreme Court of the United States, the United States Court of Appeals for the Sixth Circuit (or, in appropriate cases, the Federal Circuit), the Supreme Court of Ohio, and this Court.

Bays next asserts that "the Ohio Court of Appeals' prejudice determination is not entitled to AEDPA deference because it did not consider the cumulative prejudice that resulted from all of trial counsel's errors."  (COA Objections, Doc. No. 139, PageID 2297).

In his post-hearing appeal, Bays presented five sub-claims of ineffective assistance of trial counsel:

> Bays claims that trial counsel was ineffective in addressing several issues at his suppression hearing and at trial: his drug use and borderline intellect as affecting the voluntariness of his confession, his drug use shortly before his confession, coercion of his wife to get him to confess, and the credibility of an inmate who testified against him. General evidence regarding Bays' drug use and borderline intellect has been thoroughly addressed in prior proceedings. We will briefly address each of the other issues raised under this assignment of error.

---

[2] A careful reading of *Moreland v. Bradshaw*, 699 F.3d 908 (6th Cir. 2012), shows that it has no holding to the contrary.

*Bays,* 2003 WL 21419173 ¶ 7.  Judge Wolff indicates the first two claims have already been thoroughly considered and proceeds to discuss the other three.  In the COA Report, the Magistrate Judge concluded that when this opinion was considered in conjunction with the Court of Appeals decisions both on direct appeal and on the first post-conviction appeal, they had considered all the instances of deficient performance and rendered an objectively reasonable decision under *Strickland* based on that consideration.  (COA Report, Doc. No. 137, PageID 2255).

Bays objects that trial counsel's decision not to present Martha Bays and Ryan Pleukharp's testimony at trial could not have been a "reasonable tactical decision because it was not preceded by a reasonable investigation."  (COA Objections, Doc. No. 139, PageID 2298.) But no investigation was needed for counsel to know that this was proposed testimony from interested witnesses, that Ms. Bays was independently impeachable because of her proven willingness to suborn perjury in a criminal proceeding, and that Martha Bays' testimony about finding drug paraphernalia "later" would add little since Bays' was known to be a drug abuser.

At the same place in his COA Objections, Bays criticizes the appellate court for not cumulating this alleged deficient performance with other trial counsel deficiencies in determining prejudice.  But the Sixth Circuit law cited above does not discuss or countenance cumulating asserted deficiencies, but only instances of trial counsel performance which have been found to be deficient.

Bays next claims "[t]here is no indication that the Ohio Court of Appeals ever considered *Strickland's* prejudice requirement in cumulative terms."  (COA Objections, Doc. No. 139, PageID 2299.)  As proof of this proposition, Bays criticizes the appellate court for splitting its consideration of Bays' ineffective assistance of trial counsel claims into those based on the trial

court record and those dependent on evidence *dehors* the record when it decided his direct appeal

and his first post-conviction appeal on the same day. *Id*. at PageID 2300. That is, of course,

precisely what Ohio law requires: claims which can be decided based on the direct appeal record

must be raised on direct appeal or they are forfeited under Ohio's criminal *res judicata* doctrine.

*State v. Perry,* 10 Ohio St. 2d 175 (1967). That doctrine has been repeatedly held to be an

adequate and independent state basis of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir.

2007); *Buell v. Mitchell*, 274 F. 3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th

Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-

61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio

2001).

On his first post-conviction appeal, Bays raised the following clams of ineffective

assistance of trial counsel:

> (a) the failure of trial counsel to apprise Bays of the consequences
> of a jury waiver; (b) the failure of trial counsel to retain the
> services of a private investigator; (c) the failure of trial counsel to
> file a motion requesting an examination to determine whether Bays
> was competent to stand trial; (d) the failure of trial counsel to
> present witnesses and other evidence during the defendant's case-
> in-chief; (e) the failure of trial counsel to investigate fully Bays's
> family history for mitigating factors; and (f) the failure of trial
> counsel to acquire C.P.Sup.R. 65 certification.

*State v. Bays*, No. 96-CA-118, 1998 WL 31514 *4 (Ohio App. 2nd Dist. Jan. 30, 1998).

> All of the allegations regarding ineffective assistance of trial
> counsel set forth above were advanced by Bays in his direct
> appeal, Montgomery App. No. 95-CA-0118. Accordingly, in this
> appeal from the panel's judgment denying post-conviction relief,
> we will only consider allegations of ineffective assistance of
> counsel that rely on evidence *dehors* the record, and we will
> address the remaining allegations of ineffective assistance in
> Bays's direct appeal, which is still pending.

*Id.* at *5. The court noted that only three of the allegations purported to find support in evidence *dehors* the record. Bays' affidavit on his claim that his attorney did not advise him of the consequences of waiving a jury was excluded because it had been untimely submitted to the trial court. *Id.* Virgil Bays' affidavit was found to be substantially duplicative of his trial testimony and therefore not warranting an evidentiary hearing on post-conviction. *Id.* at *6. The remaining claims were found to merit an evidentiary hearing and the case was remanded for that purpose. *Id.* at *8. Nowhere in this opinion did the court of appeals find any deficient performance, prejudice from which was required to be weighed against all the evidence to determine a *Strickland* violation.

On his direct appeal, Bays claimed he received ineffective assistance of trial counsel because neither of his trial attorneys was properly certified to try capital cases under the relevant Ohio Supreme Court Superintendence Rule. The court of appeals rejected that argument on the established Ohio law basis that the Superintendence Rules do not create individual rights. *Bays*, 1998 WL 32595 *24-25. Bays next claimed his trial attorney was ineffective for filing a late motion to suppress, but the court found untimeliness was not the basis for denial. *Id.* at *25. Bays' claimed that his trial attorney failed to properly inform him of the consequences of jury waiver, but the court found there could have been no prejudice because Bays understood the waiver and made it voluntarily. *Id.* at *25-26. As to his claim that counsel was ineffective for not objecting to the composition of the three-judge panel, the appellate court found that such an objection would not have been well taken and therefore there was no prejudice. *Id.* at *26. As to counsel's failure to make relevance or cumulative evidence objections to Detective Savage's blood spatter testimony, the court found the testimony was admissible and there was no prejudice from failure to object. *Id.* at *27-28.

11

The court of appeals found no deficient performance in failing to plead NGRI or incompetence because the reports of mental health experts who examined Bays at his counsels' request would not have supported either of those findings. *Id*. at *28. Bays claimed his counsel wasted time investigating evidence instead of hiring a private investigator to do so, but the court of appeals found no evidence of inadequate preparation or missed evidence. *Id*. at *28-29. The appellate court found that failure to present any evidence in the case-in-chief was appropriate strategy, given the physical evidence and Bays' confessions. *Id*. at *30. Noting that his father and wife did testify about mitigating factors, the court found no deficient performance in the presentation of the mitigation case, noting that Bays himself refused to make an unsworn statement. *Id*. at *30-31. As to the claim that trial counsel was ineffective for failing to argue that Ohio's death penalty statute was unconstitutional as applied to Bays, the court found no deficient performance because Bays had not shown he was insane or incompetent. *Id*. at *32. As to the claim that his trial counsel should have had a strand of hair found in the victim's hands submitted for DNA analysis, the court noted that evidence established the strand was too small for analysis. *Id*.

In sum. Bays fails to point to a single instance where the court of appeals found any deficient performance which was required to be cumulated with any other instance of deficient performance in assessing whether there was prejudice under *Strickland*. Bays entire argument (COA Objections, Doc. No. 139, PageID 2299-2301) about cumulating the prejudice from discrete instances of deficient performance is based on the faulty premise that the court of appeals found any instances of deficient performance. It is, of course, well established that, when deciding an ineffective assistance of trial counsel claim, a court need not complete the deficient performance analysis if it can decide the prejudice prong. *Lundgren v. Mitchell*, 440

F.3d 754, 770 (6th Cir. 2006)("If [a petitioner] fails to prove either deficiency or prejudice, then petitioner's ineffective assistance of counsel claims must fail.")(quoting *Strickland*, 466 U.S. at 697.)

## Ground Six[3]

In his Sixth Ground for Relief, Bays asserts his jury waiver was not knowing, intelligent, and voluntary, rendering it unconstitutional.  The Merits Report, now adopted by the District Court, found that the Ohio Supreme Court decision on this claim was entitled to AEDPA deference (Merits Report, Doc. No. 109, PageID 1610).

But, says Bays, the court of appeals' decision on this claim in post-conviction is entitled to no AEDPA deference because it is based on an unreasonable determination of the facts, to wit, that the claim was not supported by evidence *dehors* the record.  As such evidence, Bays points to his wife's Affidavit where, at 29, she averred:

> I talked to Rick's lawyer and told Rick's lawyer at the beginning that Rick was very slow. This occurred after Rick would call me after his lawyer had talked to him, and didn't understand what his lawyer was saying. I would have to try to explain to Rick what it was his lawyer was saying. When I explained this to Mr. Keller, Mr. Keller seemed only irritated at the fact that Rick needed to be explained something when he had tried to explain something to Rick on several occasions.

(Bays Apx. Vol. 8, page 127.)  As noted in the COA Report, this language does not "clearly call the legitimacy of Bays' jury waiver into question . . ." (Traverse, Doc. No. 108, PageID 1529).  In fact, it does not reference the jury waiver at all.  Bays now says the appellate court should have known that it was related to the jury waiver issue, however, because Bays'

---

[3] Ground Six is dealt with here because that is the order in which the Objections are written.

counsel cited it in the post-conviction petition as supporting that claim (COA Objections, Doc. No. 139, PageID 2302).

The fact that Bays' attorney at the time thought this paragraph of Martha's Affidavit supported the jury waiver claim does not make the court of appeals' decision that it did not support that claim an unreasonable determination of the facts. In other words, the fact that a lawyer says that's something is so does not make a court's determination to the contrary "unreasonable." This paragraph of the Affidavit is quite conclusory. It does not say anything about any misunderstanding Bays had of the jury waiver. It seems to indicate that this conversation took place with Bays' trial attorney "at the beginning" of the two years of trial preparation. It does not speak to Bays' understanding of a particular point of law at a particular time during the proceeding. It must be remembered as well that the jury waiver colloquy was found constitutionally adequate.

Bays also objects that it was contrary to or an unreasonable application of clearly established Supreme Court precedent for the court of appeals to refuse an evidentiary hearing on the jury waiver claim (COA Objections, Doc. No. 139, PageID 2303). He relies on *Hawk v. Olson*, 326 U.S. 271, 278-279 (1945); *Palmer v. Ashe*, 342 U.S. 134, 135-38 (1951); *Com. of Pa. ex rel Herman v. Claudy*, 350 U.S. 116, 118-19, 123 (1956); *Uveges v. Pennsylvania*, 335 U.S. 437, 438-442 (1948); and *Rice v. Olson*, 324 U.S. 786, 791-92 (1945)).

All of these cases enforce the right to counsel at trial in felony cases in the period between *Powell v. Alabama,* 287 U.S. 45 (1932), and *Gideon v. Wainwright*, 372 U.S. 335 (1963), when the Supreme Court was recognizing that right where there were "special circumstances." In *Gideon*, of course, the right was expanded to all persons charged with felonies without proof of special circumstances. There is simply no holding or even dictum in

these or in any Supreme Court case decided in the fifty-six years since the last of them was handed down about the kind of evidentiary hearing which must be permitted by the states in a collateral attack on a criminal judgment. No reasonable jurist would conclude that the denial of an evidentiary hearing on this claim in post-conviction was contrary to or an objectively unreasonable application of any of these precedents.

## Second Ground for Relief

In his Second Ground for Relief, Bays claims he received ineffective assistance of counsel when they advised him to waive a jury and failed to ensure that his waiver was knowing, intelligent, and voluntary. This claim was rejected on the merits and the COA Report concluded that disposition was not debatable among reasonable jurists (COA Report, Doc. No. 137, PageID 2259-2261).

Bays first objects that the Magistrate Judge refused "to consider precedent from other jurisdictions in determining if a certificate of appealability was warranted." (COA Objections, Doc. No. 139, PageID 2304.) The precedent which it is alleged should have been considered is *Miller v. Dormire*, 310 F.3d 600 (8th Cir. 2002)[4], where the Eighth Circuit held an invalid jury waiver is a structural defect and requires no showing of prejudice. In the alternative, Bays argues, a habeas petitioner can show prejudice arising from bad attorney advice if he can show he would otherwise not have waived his jury trial right. (COA Objections, Doc. No. 139, PageID 2305, citing two unpublished district court decisions from the Ninth Circuit.)

The authority relied on by the Magistrate Judge in rejecting this claim included *Spytma v. Howes*, 313 F.3d 363 (6th Cir. 2002)(Merritt, J.), where the court found no prejudice from

---

[4] Miscited as *Miller v. Dormine* at COA Objections, Doc. No. 139, PageID 2305.

claimed ineffective assistance of appellate counsel for failure to question the jury waiver on appeal because of overwhelming evidence of guilt. *Id.* at 372. This was in a murder case of a fifteen-year-old where there was no in-court colloquy on the waiver, in marked contrast to the facts in this case. In *Jells v. Mitchell*, 538 F.3d 478 (6th Cit. 2008), also relied on in rejecting the claim, the court held:

> Even if Jells could show that his counsel's performance was deficient, he would still need to demonstrate that he suffered prejudice as a result. To demonstrate prejudice, Jells "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Jells has not made such a showing. Jells merely argues that if counsel had adequately informed him of his right to a jury trial, he might not have waived the right and at least one member of the jury might not have sentenced him to death. Jells provides no evidence to support this claim, and thus fails to demonstrate prejudice under *Strickland*.

*Id.* at 510-511. This is a clear holding that a showing the petitioner would not have waived the jury absent bad advice is not sufficient to establish ineffective assistance of trial counsel, rejecting the holdings for which the two Ninth Circuit district court opinions are cited.

*Miller v. Dormire, supra*, relied on by Bays as holding that bad advice about jury waiver is a structural error, holds nothing of the sort. Rather, in that case the Eighth Circuit found that petitioner's counsel never advised him about the right to jury trial at all and effectively waived it on his behalf.

> The state court found that Miller had affirmatively waived his right to a jury trial. This is an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2), and an unreasonable determination of the federal law as interpreted by the United States Supreme Court, 28 U.S.C. § 2254(d)(1). The record is devoid of any direct testimony from Miller regarding his consent to waive trial by jury. It appears that Miller's counsel failed to advise him of a fundamental right [the right to trial by jury] given to criminal defendants, one fully

> supported and protected by Supreme Court precedent. Miller was
> therefore denied effective assistance of counsel.

310 F.3d at 603-604. Denial of a right to trial by jury in a criminal case is undoubtedly a structural error requiring reversal without an analysis of prejudice. But in this case there is no claim that Bays' counsel waived the jury on his behalf. What is claimed is that they gave him bad advice on the exercise of that right. He, of course, thereafter made a knowing, intelligent, and voluntary waived on the record in open court, both orally and in writing. No United States Supreme Court precedent holds that such a waiver, even made after bad advice, is a structural error; neither does *Miller v. Dormire, supra.* In the absence of a structural error finding, of course, Bays must demonstrate prejudice and has failed to do so.

### Third Ground for Relief

In his Third Ground for Relief, Bays claims his trial counsel were ineffective for (1) failure to introduce testimony of Richard Henson, Jr., to rebut the testimony of jailhouse informant Larry Adkins and (2) failure to introduce testimony from James Dalton, Hope Purdue, and Carrie Moore.

The court of appeals' ruling on the purported Henson testimony is as follows:

> Finally, Bays contends that his attorney was ineffective in failing to present the testimony of Richard Henson, Jr. about a fellow inmate, Larry Adkins. Adkins had testified at Bays' trial that Bays had admitted to Adkins his involvement in Weaver's murder. At the evidentiary hearing, Henson testified that Adkins had talked with him about his plan to get a deal from the state in exchange for testifying against Bays. Henson further testified that he had not been interviewed by Bays' attorney prior to trial and, although present at the courthouse, had not been called to testify on Bays' behalf. Even if we assume, for the sake of argument, that Bays'

> attorney should have interviewed Henson and did not do so, we would nonetheless conclude that counsel did not act ineffectively. Henson's testimony did not suggest that Adkins' statements were untruthful, only that he hoped to get a favorable deal from revealing his conversations with Bays. In other words, Henson's testimony related to Adkins' motivation in coming forward but not the truthfulness of his statements. As such, we are confident that Henson's testimony would not have affected the outcome of the trial.

*Bays*, 2003 WL 21419173 ¶ 11. The Merits Report concluded this was not an objectively unreasonable application of *Strickland* and the District Court adopted that finding. The COA Report concluded this finding was not debatable among reasonable jurists.

Bays objects that the court of appeals ruling is debatable because that court only "considered the prejudice from some, but not all, of counsel's errors. . . ." (COA Objections, Doc. No. 139, PageID 2307.) As with the First Ground of Relief, the objection is without merit: a court is required to cumulate the prejudicial effect only of errors it finds, not of all those alleged by a petitioner's counsel. As the quotation makes clear, the court of appeals decided this claim on the prejudice prong of *Strickland* without ever reaching the deficient performance prong, which it was fully entitled to do. *Strickland*, 466 U.S. at 697; *Baze v. Parker,* 371 F.3d 310, 321 (6th Cir. 2004); *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).

As to the claim of ineffective assistance of trial counsel for failure to call Dalton and Moore, as pointed out in the Merits Report, that claim was abandoned when counsel failed to present any testimony from them on remand on the petition for post-conviction relief. It is for that reason that there was nothing for the court of appeals to rule on in the second post-conviction appeal, not some failure to notice the claim as the COA Objections seem to imply (COA Objections, Doc. No. 139, PageID 2308.)

## Fourth Ground for Relief

In the Fourth Ground for Relief, Bays claims his trial counsel were ineffective in their conduct of the mitigation phase of the trial.  Nothing in the COA Objections on this Ground for Relief requires further analysis.

## Seventh Ground for Relief

As noted in the COA Objections, Bays has conceded that this claim is barred by *McDaniel v. Brown*, 558 U.S. 120 (2010) and *Lockhart v. Nelson*, 488 U.S. 33 (1988).  Based, however, on Justice Marshall's dissent in *Nelson*, Bays claims the holding of *Nelson* is "highly questionable."  (COA Objections, Doc. No. 139, PageID 2310).  Certainly the fact that Justice Marshall considered a matter debatable and, more than that, worthy of dissent means that holding is debatable among jurists of reason.  But even should the United States Supreme Court overruled *McDaniel* and *Nelson*, there is no debating the fact that they were the governing law at the time of the state court decisions in this case and the question on appeal will be what was the governing Supreme Court precedent at the time the state courts reached their decision.

## Eighth Ground for Relief

No further analysis is needed on this Ground for Relief beyond what is given in the COA Report.

**Ninth Ground for Relief**

No further analysis is needed on this Ground for Relief beyond what is given in the COA Report.

**Eleventh Ground for Relief**

No further analysis is needed on this Ground for Relief beyond what is given in the COA Report.

**Evidentiary Hearing**

The Court initially granted an evidentiary hearing in this case. During an adjournment of that hearing to permit a deposition of Dr. Barbra Bergman, the United States Supreme Court decided *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388 (2011). Based on the *Pinholster* decision, this Court refused to reconvene the evidentiary hearing (Magistrate Judge's Decision and Order, Doc. No. 103; Judge Rose's Entry and Order, Doc. No. 106).

Bays seeks a certificate of appealability on the question whether *Pinholster* applies to review under 28 U.S.C. § 2254(d)(2). Conceding that the Sixth Circuit has found in *Keeling v. Warden*, 673 F.3d 452 (6th Cir. 2012), that *Pinholster* does apply to § 2254(d)(2), Bays nevertheless argues the matter is debatable among reasonable jurists because the Ninth Circuit has taken the opposite view in *Miles v. Martel*, 696 F.3d 889 (9th Cir. 2012). That opinion, however, has been withdrawn. *Miles v. Martel*, ___ F.3d ___, 2012 WL 5896784 (9th Cir. Nov. 12, 2012), a fact acknowledged by Petitioner (COA Objections Reply, Doc. No. 144, PageID 2378, n. 4). If the Sixth Circuit believes that an *en banc* court would be prepared to overrule

20

*Keeling*, then it might grant a certificate of appealability.  It is not at this point, however, debatable among reasonable jurists that *Pinholster* applies to § 2254(d)(2) review in the Sixth Circuit.

## Conclusion

In accordance with the foregoing analysis, it is again respectfully recommended that a certificate of appealability be granted on the Fifth Ground for Relief, but otherwise denied.

December 27, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).