UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**RICHARD BAYS**

        Petitioner,

-v-

**WARDEN, Ohio State Penitentiary**

        Respondent.

Case No. 3:08-cv-076

Judge Thomas M. Rose

Magistrate Judge Michael R. Merz

---

**ENTRY AND ORDER OVERRULING BAYS' OBJECTIONS (Doc. #162) TO THE MAGISTRATE JUDGE'S DECISION AND ORDER (Doc. #160); OVERRULING BAYS' OBJECTIONS (Doc. #171) TO THE MAGISTRATE JUDGE'S SUPPLEMENTAL OPINION AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (Doc. #169); ADOPTING THE MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS (Doc. #169) IN ITS ENTIRETY; DISMISSING BAYS' SECOND MOTION FOR LEAVE TO FILE AN AMENDED PETITION (Doc. #153) AND DECLINING TO CERTIFY ANY RELEVANT QUESTION TO THE OHIO SUPREME COURT**

---

This matter comes before the Court pursuant to Petitioner Richard Bays' ("Bays'") Objections (doc. #162) to Magistrate Judge Michael R. Merz's Decision and Order (doc. #160) and Bays' Objections (doc. #171) to Magistrate Judge Merz's Supplemental Opinion and Supplemental Report and Recommendations (doc. #169). The Decision and Order determined that Bays has no right to amend his Petition for a Writ of Habeas Corpus and recommended that the Court decline to certify any relevant question to the Ohio Supreme Court. The Supplemental Opinion and Supplemental Report and Recommendations confirmed that Bays had no right to amend his Second Motion for Leave To File an Amended Petition for a Writ of Habeas Corpus and again recommended that the Court decline to certify any relevant question to the Ohio Supreme Court.

On September 16, 2013, Bays filed Objections to the Decision and Order. (Doc. #162.) The matter was recommitted to Magistrate Judge Merz who issued a Supplement Opinion and Supplemental Report and Recommendations.[1] (Doc. #169.) On December 18, 2013, Bays filed Objections (doc. #171) to the Supplemental Opinion and Supplemental Report and Recommendations. On December 20, 2013, the Warden filed a Response to Bays' Objections (doc. #172). Both of Bays' Objections are, therefore, ripe for decision.

Although the caption of the Decision and Order does not indicate a recommendation is being made, therein the Magistrate Judge recommends that the Court not certify a question to the Ohio Supreme Court. Bays objects to both the Magistrate Judge's Decision regarding leave to amend his Petition for a Writ of Habeas Corpus and the Magistrate Judge's recommendation regarding certification of an issue to the Ohio Supreme Court. Thus, Bays' objection to the Decision and Order will be reviewed under the applicable standard of review and Bays' objection to the recommendation will be reviewed under the applicable standard of review.

The Magistrate Judge's Decision and Order denying Bays' Second Motion for Leave To File an Amended Petition is a non-dispositive order. Federal Rule of Civil Procedure 72(a) provides that a district court must modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law. *American Coal Sales Co. v. Nova Scotia Power, Inc.*, No. 2:06-cv-94, 2009 WL 467576 at *13 (S.D. Ohio Feb. 23, 2009)(citing Fed. R. Civ. P. 72(a)). Thus, a "clearly erroneous" standard applies to factual findings made by the magistrate judge. *Id.*

---

[1] The Warden filed a Response to Bays' Objection (doc. #165) after the matter had been recommitted.

Legal conclusions are reviewed under the more lenient "contrary to law" standard. *Id.* Both of these standards provide considerable deference to the determinations made by the magistrate judge. *Id.* (citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Id.* The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable. *Id.* (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986)). A legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law…." *Id.*(citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

In this case, this District Judge has reviewed the Magistrate Judge's factual findings and finds that they are not clearly erroneous. The District Judge has also reviewed the Magistrate Judge's conclusions of law and finds that they do not contradict or ignore applicable law. Therefore, Bays' Objections (doc. #162) to the Magistrate Judge's Decision and Order (doc. #160) and Bays' Objections (doc. #171) to the Magistrate Judge's Supplemental Opinion are OVERRULED.

Regarding the Magistrate Judge's recommendation and Supplemental Report and Recommendations, 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b) require the District Judge to make a de novo review of the record in this case and particularly of the matters raised in Bays' Objections and the Warden's Response. Upon said review, the Court

finds that Bay's Objections to the Magistrate Judge's recommendation and Supplemental Report and Recommendations are not well taken and they are OVERRULED.

Bays' Second Motion for Leave To File an Amended Petition (doc. #153) is OVERRULED. Also, the Court declines to certify any relevant question to the Ohio Supreme Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Second Day of January, 2014.

                 **s/Thomas M. Rose**
                 _____
                 THOMAS M. ROSE
                UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record