# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD BAYS,

        Petitioner,      :      Case No. 3:08-cv-076

  - vs -                         District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

                              :

        Respondent.

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Renewed Motion to Extend the Stay of Consideration of His Lethal-Injection Claims and to extend the October 2, 2014, deadline to file amended lethal injection claims, both to April 13, 2015 (Doc. No. 179). Respondent opposes the Motion (Doc. No. 180) and Bays has filed a Reply in support (Doc. No. 182). To protect both parties' rights to be heard on the matter, the Magistrate Judge *sua sponte* suspended the deadline to "a date to be set by the Court in ruling on the pending Motion" (Order, Doc. No. 181, PageID 7654).

**Relevant Procedural History**

On August 6, 2012, District Judge Rose adopted the Magistrate Judge's Report and Recommendations on the merits of the claims made in Bays' original Petition and ordered that they be dismissed with prejudice (Doc. No. 134). On January 29, 2013, Judge Rose granted a

1

certificate of appealability on Ground Five alone (Doc. No. 148).  No judgment was entered at that point because Bays had already been granted leave to amend and had in fact filed an Amended Petition adding two lethal injection method-of-execution claims (Doc. Nos. 121, 122, 126).

On May 24, 2013, Bays moved to amend to add claims related to mental capacity (Doc. No. 153).  Bays' Objections to denial of that Motion were overruled January 3, 2014 (Doc. No. 173).  On January 22. 2014, the Magistrate Judge ordered Bays to show cause why Grounds for Relief Twelve and Thirteen, the lethal injection claims, should not be dismissed without prejudice as moot because they referred to a superseded lethal injection protocol (Doc. No. 174).  There followed a series of unopposed motions to extend which resulted in an ultimate extension to October 2, 2014 (Doc. Nos. 175, 176, 178).

**The Parties Positions**

Bays seeks extension of any consideration of his lethal injection claims and his deadline to amend because of "continued developments" in Ohio's lethal injection protocol, particularly concerns arising out of the problematic execution of Dennis McGuire on January 16, 2014 (Motion, Doc. No. 179, PageID 7641).  The rationale for April 13, 2015, is that it is approximately sixty days after the next scheduled Ohio execution, that of Ronald Phillips, on January 15, 2015.  *Id.* at PageID 7643.

The Warden opposes the extensions on the basis of *Scott v. Houk,* 760 F.3d 497 (6th Cir. 2014)(Memo in Opp., Doc. No. 180).  Bays replies that *Scott* should not be read as broadly as the Warden reads it (Reply, Doc. No. 182).

2

**Analysis**

For reasons given in denying a parallel request for extension in *Raglin v. Mitchell*, Case No. 1:00-cv-767, 2012 U.S. Dist. LEXIS 190612[1] (Order of November 3, 2014, Doc. No. 215), not all requests to extend time to plead lethal injection claims in death penalty habeas corpus cases should be treated in a blanket fashion.

This case more closely parallels *Raglin v. Mitchell*, Case No. 1:00-cv-767, in which an extension was denied than it does *Turner v. Hudson*, Case No. 2:07-cv-595, in which an extension was granted. That is because the merits of all Bays' non-lethal-injection claims have been resolved at the District Court level and only the lethal injection claims presently pled in Grounds for Relief Twelve and Thirteen remain pending. Furthermore, those Grounds for Relief are moot for the reason suggested in the Order to Show Cause, to wit, that they relate to a lethal injection protocol now superseded by the State of Ohio.

All of the reasons given for denying an extension in *Raglin* apply as well to this case. The same reasons apply here as there for delaying adjudication of the lethal injection habeas corpus claims pending the outcome of *In re Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, pending before Judge Frost. The same reasons of judicial economy argue for not delaying finality of the merits decision on the other claims. The same reading given in *Raglin* to the Sixth Circuit's decisions in *Scott v. Houk*, 760 F.3d 497 (6th Cir.. 2014), and *Frazier v. Jenkins,* ___ F.3d ___, 2014 U.S. App. LEXIS 20645 (6th Cir. Oct. 27, 2014), supports splitting the lethal injection and other claims in this case. As noted there, District and Circuit Judges may

---

[1] This is the citation assigned by LEXIS as of November 4, 2014. It violates the usual form of LEXIS citation and will presumably be corrected. The citation is Westlaw is *Raglin v. Mitchell*, 2014 WL 5529535 (S.D. Ohio, Nov. 03, 2014).

disagree with the Magistrate Judge's weighing of judicial economy, but the Magistrate Judge must use his own best judgment in making that weighing in the first instance.

Accordingly, Petitioner's Motion for Extension of Time to Amend to add new lethal injection claims and his motion to stay consideration of those claims until April 13, 2015, is DENIED.  It is hereby respectfully recommended that the District Judge enter judgment:

1. Dismissing Petitioner's Grounds for Relief Twelve and Thirteen without prejudice as moot because related to a superseded Ohio lethal injection protocol;

2. Dismissing the claims made in Bays' original Petition with prejudice in accordance with the Order of August 6, 2012 (Doc. No. 134);

3. Granting Bays a certificate of appealability on his Fifth Ground for Relief only in accordance with the Order of January 29, 2013 (Doc. No. 148); and

4. Certifying under Fed. R. Civ. P. 54 that the judgment is final.


November 5, 2014.

                                                            s/ *Michael R. Merz*
                                                        United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).