# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD BAYS,

        Petitioner,        :    Case No. 3:08-cv-076

   - vs -                                    District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

                                         :

        Respondent.

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court Petitioner's Motion for Leave to File an Amended Petition (Doc. No. 198). Respondent opposes the Motion (Response, Doc. No. 199) and Petitioner has filed a Reply in support (Doc. No. 200).

**Relevant Procedural History**

On August 6, 2012, District Judge Rose adopted the Magistrate Judge's Report and Recommendations (Doc. No. 109)(Entry and Order, Doc. No. 134), concluding that the Petition herein should be dismissed with prejudice. On January 29, 2013, he also adopted the Magistrate's Judge's recommendations on a certificate of appealability (Doc. No. 148).

On May 24, 2013, Bays moved to amend to add a claim under *Atkins v. Virginia,* 536 U.S. 304 (2002)(Doc. No. 153). The Magistrate Judge denied that Motion (Doc. Nos. 160, 169)

1

and Judge Rose overruled Bays' Objections on January 3, 2014 (Doc. No. 173). Shortly thereafter the Magistrate Judge ordered Bays to show cause why his lethal injection protocol claims (Grounds 12 & 13) should not be dismissed as moot (Doc. No. 174). On Petitioner's Unopposed Motion, the Court stayed consideration of that question until March 17, 2014, the expected sixtieth day after the scheduled execution of Dennis McGuire (Doc. No. 175).

On November 5, 2014, the Magistrate Judge denied Petitioner's request to extend the stay and the deadline for filing an amended petition to April 13, 2015, and recommended that Judge Rose (1) enter final judgment on the other claims in the case in accordance with his prior decision, (2) dismiss the then-pending lethal injection protocol claims as moot, (3) certify that the judgment was final (Doc. No. 183). Both parties objected (Doc. Nos. 188, 191), and, on recommittal, the Magistrate Judge withdrew the prior decision and report and extended Petitioner's time to moved to amend to April 13, 2105, as originally requested (Doc. No. 194).

On March 17, 2015, Petitioner moved for another year's extension of time (Doc. No. 195). The Magistrate Judge denied any further extension and the instant Motion to Amend was filed on April 13, 2015.

**Analysis**

The Magistrate Judge has reconsidered the arguments made by the parties in their Objections in November 2014.

Grounds Twelve and Thirteen are indeed moot as previously found because they relate to an Ohio lethal injection protocol which has been completely superseded. Bays will never be executed or threatened with execution under that protocol. As Bays' Motion recites, many of the

2

judges of this Court have found that adoption of a new lethal injection protocol gives rise to new claims for relief. However, filing an amended petition embodying claims related to the January 9, 2015, lethal injection protocol and then extending the stay of consideration of Bays' lethal injection claims would come at unnecessary cost to judicial economy. The conviction under attack in this case occurred in 1995. The Report and Recommendations on the merits were filed more than three years ago and are no closer to finality than when Judge Rose adopted them. Because the Court has already granted a certificate of appealability, this case will certainly require Sixth Circuit review which, if history is any guide, will take several years. Assuming Bays were to be successful on the only Ground for Relief this Court has certified for appeal, that would mean a new trial, at least on mitigation, more than twenty years after the first trial with all the degradation of witness memory that that entails.

There is an alternative which protects Bays' interest in district court consideration of his lethal injection claims and the State's interest in finality. This Court has previously held that a second-in-time petition raising newly-arising lethal injection claims is not a second or successive petition within the meaning of 28 U.S.C. § 2244.

It is therefore respectfully recommended that the District Court dismiss Grounds Twelve and Thirteen without prejudice to a new petition raising any lethal injection claims Bays may have with respect to the January 9, 2015, Ohio lethal injection protocol. It is further recommended that the Court enter final judgment in accordance with its prior decision of August 6, 2012 (Doc. No. 134). Finally, the Motion to Amend (Doc. No. 198) is DENIED.

June 15, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

3

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).