IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD BAYS,

        Petitioner,    :    Case No. 3:08-cv-076

  - vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

        :

        Respondent.

## DECISION AND ORDER ON MOTION TO AMEND; REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss (ECF No. 205) and Bays' Motion for Leave to file a Second Amended and Supplemental Petition (ECF No. 208). The Motions have been thoroughly briefed (ECF Nos. 209, 210, 211, and 212).

Because a motion to dismiss is dispositive within the meaning of 28 U.S.C. § 636(b), it requires a recommendation from an assigned Magistrate Judge, rather than a decision. However, a motion to amend is a non-dispositive matter on which a Magistrate Judge has decisional authority in the first instance. However, a motion to amend under Fed. R. Civ. P. 15 is non-dispositive and therefore within the initial decisional authority of a Magistrate Judge.

**Pending Decision and Report**

Presently pending before the Court is the Magistrate Judge's Decision and Order/Report and Recommendations of June 15, 2015 (ECF No. 201) denying a prior Motion to Amend (ECF

1

No. 198) and recommending

> that the District Court dismiss Grounds Twelve and Thirteen without prejudice to a new petition raising any lethal injection claims Bays may have with respect to the January 9, 2015, Ohio lethal injection protocol. It is further recommended that the Court enter final judgment in accordance with its prior decision of August 6, 2012 (Doc. No. 134).

*Id.* at PageID 8014.  That recommendation is WITHDRAWN.  Given that the prior Motion to Amend is moot in light of Petitioner's instant and subsequent Motion to Amend and that the recommendations have been withdrawn, the Notation Order granting a stay of the deadline to object (Notation Order granting ECF No. 204) is MOOT as there is no longer any pending recommendation.

**Motions to Dismiss and Amend**

The Warden bases her Motion to Dismiss on the recent decision of the United States Supreme Court in *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726 (2015), where the Justice Alito wrote for the majority:

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* decision in *Hill v. McDonough*, 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id*., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S. Ct. at 2738.

The Warden argues that this passage from *Glossip* "contradicts" the reading of *Hill* which the Sixth Circuit gave that case in *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), when it held that a challenge to a lethal injection protocol can be brought in a habeas corpus case under 28 U.S.C. § 2254.  As the Warden notes, this Court has read *Adams* expansively to allow death row inmates to pursue challenges to Ohio's lethal injection protocols simultaneously in habeas corpus and in a civil rights action under 42 U.S.C. § 1983.  *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, * 3-8 (S.D. Ohio 2012); *Waddy v. Coyle*, 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethel v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Bobby*, 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2014).

This Court has persisted in this expansive reading of *Adams* despite refusals by the Sixth Circuit to remand habeas cases for discovery on a lethal injection claim where the petitioner has a pending § 1983 case in which he can receive the discovery necessary to support that claim. *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014); *accord, Frazier v. Jenkins,* 770 F.3d 485 (6th Cir. 2014).  The Court has reasoned that neither *Scott* nor *Frazier* purported to overrule *Adams*, which remained (and indeed remains) a published and unreversed decision of the circuit court.

The Warden's Motion to Dismiss is directed to Bays' Amended Petition (ECF No. 198). The Motion is technically moot because Bays proposes to replace the Amended Petition with a Second Amended Petition and it is respectfully recommended that the Motion to Dismiss be DENIED on that basis.

The Warden repeats in opposition to the Motion to Amend the arguments based on

3

*Glossip, supra*, that she makes in Motion to Dismiss (Opposition, ECF No. 211). For the reasons already given in other recently-decided motions calling for application of *Glossip*, the Magistrate Judge concludes that Bays' Proposed Second Amended and Supplemental Petition does not adequately plead claims cognizable in habeas corpus in light of the fact that Bays is also a plaintiff in *In re Ohio Execution Protocol Litig.,* Case No. 2:11-cv-1016. See *Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914 (S.D. Ohio Sept. 2, 2015); *Turner v. Hudson*, 2015 U.S. Dist. LEXIS 119882 (S.D. Ohio Sept. 9, 2015); *Franklin v. Robinson*, 2015 U.S. Dist. LEXIS 120595 (S.D. Ohio Sept. 10, 2015); and *O'Neal v. Jenkins,* 2015 U.S. Dist. LEXIS 121376 (S.D. Ohio Sept. 11, 2015). In summary, the Magistrate Judge has concluded that the expansive reading of *Adams* he previously relied on is no longer tenable in light of *Glossip*, but that death row petitioners may still be able to properly plead habeas claims related to lethal injection protocols.

Based on the reasoning in those decisions, the Motion for Leave to File a Second Amended and Supplemental Petition is DENIED without prejudice to its renewal not later than October 9, 2015. In any renewed motion, Bays must show clearly how any proposed new claims differ from claims made or proposed to be made in the *In re Ohio Execution Protocol Litig.* case and relate them to Ohio's lethal injection protocol as amended June 29, 2015. For reasons already given in the prior decisions, the Court hopefully requests Petitioner's counsel to avoid using the label "LI-habeas claims."

September 23, 2015.

s/ *Michael R. Merz*

United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).