# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD BAYS,

        Petitioner,      :    Case No. 3:08-cv-076

  - vs -                               District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,

                                          :

        Respondent.

## DECISION AND ORDER ON MOTION TO AMEND

This capital habeas corpus case is before the Court on Petitioner's Renewed Motion to Amend (ECF No. 216), the Warden's Opposition (ECF No. 217), and Petitioner's Reply in support (ECF No. 220).

**Procedural History**

Charles Weaver was robbed and murdered in his home on November 15, 1993. A three-judge panel of the Greene County Common Pleas Court convicted Petitioner Bays of aggravated murder for that killing and also for aggravated robbery. Because the offense occurred before January 1, 1995, direct appeal was to the Ohio Second District Court of Appeals which affirmed the conviction and sentence. *State v. Bays,* No. 95-CA-118, 1998 Ohio App. LEXIS 227 (2nd Dist. Jan. 30, 1998). On appeal of right, the Ohio Supreme Court also affirmed. *State v. Bays*, 87 Ohio St. 3d 15 (1999), *cert. denied,* 529 U.S. 1090 (2000).

1

On July 29, 1996, Bays filed a petition for post-conviction relief which the trial court denied August 21, 1996. The Second District reversed and remanded for a hearing. After hearing, the Common Pleas Court denied relief on December 12, 2002. This time the court of appeals affirmed. *State v. Bays*, No. 2003 CA 4, 2003 WL 21419173 (2nd Dist. June 20, 2003), appellate jurisdiction declined, 100 Ohio St. 3d 1433 (2003). Bays filed a second post-conviction petition seeking relief under *Atkins v. Virginia*, 536 U.S. 304 (2002), which he ultimately voluntarily dismissed in 2007.

Bays filed his habeas petition in this Court November 6, 2008 (ECF No. 16). Although the Court granted Bays an evidentiary hearing, *Cullen v. Pinholster,* 563 U.S. 170 (2011), intervened, preventing the Court from completing the hearing, and ultimately preventing consideration of any new evidence (ECF No. 65, 93, 103, 106). On February 21, 2012, the Magistrate Judge recommended the Petition be dismissed with prejudice (ECF No. 109).

However, on May 3, 2012, Bays was granted leave to amend to add two Grounds for Relief:

> **Twelfth Ground for Relief:** Bays' execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment.
>
> **Thirteenth Ground for Relief:** Bays' execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law.

(Decision, ECF No. 1221, PageID 1669.) Judge Rose overruled Bays' Objections to the merits Report and Recommendation on August 6, 2012 (ECF No. 134) and ultimately granted a certificate of appealability on Ground Five (ECF No. 148); Grounds Twelve and Thirteen remained unadjudicated.

On May 24, 2013, Bays' moved to file a Second Amended Petition (ECF No. 153) which

the Magistrate Judge denied on August 22, 2013 (ECF No. 160); Judge Rose affirmed the denial on January 3, 2014 (ECF No. 173).  In light of concerns about the execution of Dennis McGuire, Petitioner's time to move to amend further was extended to April 13, 2015 (ECF No. 194), but a further one-year extension was denied (ECF No. 197).  On June 29, 2015, Ohio amended its lethal injection protocol and the Supreme Court decided *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015).  In light of *Glossip*, the Magistrate Judge denied the then-pending Motion to Amend without prejudice to a new motion not later than October 9, 2015 (ECF No. 213).  The Order provides "[i]n any renewed motion, Bays must show clearly how any proposed new claims differ from claims made or proposed to be made in the *In re Ohio Execution Protocol Litig.* case and relate them to Ohio's lethal injection protocol as amended June 29, 2015."  *Id.*  at PageID 8322.   The instant motion followed.

**Petitioner's Motion**

Bays begins by noting that Ohio requires executions to be carried out by lethal injection with no alternative.  (Motion, ECF No. 216, PageID 8332, citing Ohio Revised Code § 2949.22(C)).  He asserts that "the claims raised in Bays' proposed amended petition demonstrate that Ohio will never be able to execute him using lethal injection without violating his constitutional rights.  As a result, Bays's death sentence is invalid . . ." *Id.*  at PageID 8333.  In contrast, he says, his "§ 1983 claims assume that Ohio may actually be capable of executing him through the use of lethal injection without committing a constitutional violation." *Id.*  at PageID 8332.  If he raised these invalidity claims in a civil rights proceeding, "his complaint would be recharacterized as a habeas petition. . .   It necessarily follows that Bays's claims are properly

3

raised in a habeas corpus proceeding" *Id.* at PageID 8333, citing *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011).

Citing numerous decisions of this Court entered before *Glossip*, Bays argues "[i]t is by now well-established [sic] that a change in Ohio's lethal-injection protocol gives rise to new claims and thus warrants amendment of a habeas petition." *Id.* at PageID 8334.

**The Warden's Opposition**

The Warden first argues the proposed amended petition fails to plead habeas corpus claims with the specificity required by Rule 2 of the Rules Governing § 2254 Cases, reasoning that that Rule is more stringent than the requirements of Fed. R. Civ. P. 8 as interpreted in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)(Opposition, ECF No. 217, PageID 8427).

The Warden next asserts that the new claims set forth in the proposed Amended Petition are solely method-of-execution claims which must be brought in a § 1983 action rather than in habeas. (Opposition, ECF No. 217, PageID 8428-30, relying on *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015); *Hill v. McDonough*, 547 U. S. 573 (2006); and *Henderson v. Warden*, 2015 U.S. Dist. LEXIS 134120 (S.D. Ohio Sept. 30, 2015)(Frost, J.) The Warden notes Judge Frost's statement in *Henderson* that *Glossip* "undeniably upends" this Court allowance of method-of-execution claims in habeas on the basis of a broad reading of *Adams, supra*. (Opposition, ECF No. 217, at PageID 8433). The Warden asserts *Glossip* is not limited to Eighth Amendment method-of-execution claims. *Id.* at PageID 8435.

The Warden next argues that granting the amendment would be futile because Bays' new

4

claims are barred by the one-year statute of limitations in 28 U.S.C. § 2244(b)(Opposition, ECF No. 217, PageID 8436).

Finally the Warden asserts Bays' statutory claims are barred by both Ohio's Eleventh Amendment immunity and by lack of a viable cause of action. *Id.* at PageID 8436-41.[1]

**Petitioner's Reply**

Bays replies that his claims are pled with sufficient specificity to satisfy *Twombly* and *Iqbal* "or even Habeas Rule 2(c)." (Reply, ECF No. 220, PageID 8470-71.)

Bays accuses the Warden of creating a false dichotomy between "(1) *per se* challenges that may proceed in habeas and (2) protocol challenges that an inmate can bring in § 1983 litigation." *Id.* at PageID 8471. On the contrary, Bays says he is bringing "a third type of claim. Bays['] claims are proper habeas challenges in that they assert that an unconditional writ is appropriate because his death sentence is invalid." *Id.* at PageID 8471-72. These are not *per se* claims, however, because "he does not claim that *all* lethal injection executions, in *all* jurisdictions, against all inmates, are unconstitutional. He alleges that lethal injection *in Ohio*, as applied to *him as an individual*, is unconstitutional." *Id.* at PageID 8472 (emphasis sic).

Bays reads the Magistrate Judge's decision in *Tibbetts v. Warden*, No. 1:14-cv-602, 2015 U.S. Dist. LEXIS 170646 (S.D. Ohio Dec. 21, 2015), as rejecting "the Warden's extreme reading of *Glossip* asserted here." (ECF No. 220, PageID 8472). He criticizes the Warden's position as attempting to exclude any fact-dependent claims from habeas, citing prosecutorial misconduct,

---

[1] In the course of this argument, the Warden asserts "Bays is not being held pursuant to an unlawful conviction or sentence as found previously by the Sixth Circuit Court of Appeals. . . .Bays' conviction and sentence has [sic] already been affirmed by the federal courts in his first habeas action, . . . " *Id.* at PageID 8437. This is Bays' first habeas action and his conviction and sentence have never been before the Sixth Circuit.

5

age, intellectual disability and competency as very fact dependent and cognizable in habeas. *Id.* at PageID 8473-75, citing *Roper v. Simmons*, 543 U.S. 551, 578–79 (2005); *Atkins v. Virginia*, 536 U.S. 304, 317–18 (2002); *Hall v. Florida*, 134 S. Ct. 1986, 1996, 2000–01 (2014); *Brumfield v. Cain*, 135 S. Ct. 2269, 2279–83 (2015); *Panetti v. Quarterman*, 551 U.S. 930, 960–62 (2007); *Ford v. Wainwright*, 477 U.S. 399, 406–10 (1986); *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959).

Bays, in contrast to the Warden, argues *Glossip* applies only to Eighth Amendment claims and notes that he also makes Due Process, Equal Protection, Privileges or Immunities, and federal preemption claims. (Reply, ECF No. 220, PageID 8477). He notes that he has intentionally not pled an alternative method of execution here because that is a requirement only in § 1983 method-of-execution cases. *Id.* at PageID 8479-80. Discussing the overlaps and significant differences in evidence for the two kinds of cases, Bays concludes

> Bays's lethal injection invalidity grounds for relief are, at bottom, backwards-looking because they focus on whether Bays's death sentence is invalid because it cannot be lawfully carried out. At the same time, his habeas grounds for relief include a forward-looking element in the same way that a Ford/Panetti incompetency-to-be-executed challenge is forward-looking, but also still a valid habeas ground for relief. This Court is assessing whether Bays's state-court sentencing judgment is invalid for impossibility, based on evidence of what Ohio has done and what it will do in carrying out an execution using the only manner permissible under Ohio law.

*Id.* at PageID 8485. Bays emphasizes the difference between permanent injunctive relief, prohibitory or mandatory, in § 1983 and an unconditional writ of habeas corpus that

> would prohibit the State from attempting to use any lethal injection execution protocol to execute Bays, and consequently prohibit the State from attempting to execute him at all, thus requiring a new sentencing judgment now, since there is no other option under current Ohio law by which Ohio might try to kill him.

*Id.* at PageID 8486.

Bays asserts his habeas claims "are not the same as his § 1983 causes of action, so he is not litigating identical matters simultaneously in different forums." *Id.* at PageID 8488.

Admitting that he is proceeding simultaneously in habeas and § 1983, Bays asserts this is caused by the "error in the Sixth Circuit's decision in *Cooey v. Strickland,* 479 F.3d 412, 419-22 (6th Cir. 2007)." (Reply, ECF No. 220, PageID 8488-89.)

Bays responds to the statute of limitations defense by asserting the statute begins to run anew whenever Ohio adopts a new lethal injection protocol. *Id.* at PageID 8492. In addition "a new factual landscape . . . has developed over only the last couple of years, in which legally available, effective drugs are no longer available to Ohio . . ." *Id.* at PageID 8493.

Bays relies on *Ex parte Young*, 209 U.S. 123 (1908), to refute the Warden's Eleventh Amendment defense (Reply, ECF No. 220, PageID 8495). He is not asserting a claim under the Supremacy Clause, he says, but rather asserting "that federal laws (through the operation of the Supremacy Clause) have preempted Ohio's execution protocol. And he disclaims any attempt to enforce a private right of action under the federal drug laws. *Id.*

## ANALYSIS

**Appropriate Fact Pleading of Habeas Corpus Claims**

What is the required minimum level of factual specificity in pleading a habeas corpus claim? This is a question of first impression for this Court.

Bays' Proposed Amended Grounds for Relief are appended to his Motion and comprise

sixty-two pages of text.  Bays seeks to plead four grounds for relief[2] which are as follows:

>**FIRST GROUND FOR RELIEF**: The State of Ohio cannot constitutionally execute Bays because the only means available for execution violate the Eighth Amendment.
>
>> I. Any drug DRC can procure to use to execute Bays via lethal injection has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace in violation of the Eighth Amendment, and Ohio has no other means available to execute Bays that comply with the Constitution.
>>
>> II. Any drug DRC can procure to use to execute Bays via lethal injection poses an objectively intolerable risk of causing a lingering and/or undignified death in violation of the Eighth Amendment, and Ohio has no other means available to execute Bays that comply with the Constitution.
>>
>> III. The lack of legally available, effective drugs to conduct lethal-injection executions will result in the arbitrary and capricious imposition of the death penalty on Bays in violation of the Eighth Amendment, and Ohio has no other means available to execute Bays that comply with the Constitution.
>>
>> IV. The lack of legally obtainable, effective drugs to conduct lethal-injection executions, and the reality that Ohio has no other means available to execute Bays that comply with the Constitution will cause Bays psychological torture, pain and suffering in violation of the Eighth Amendment.
>>
>> V. The unavoidable variations inherent in Ohio's lethal-injection system and DRC's continued inability to properly administer its execution protocol present a substantial, objectively intolerable risk of serious harm to Bays in violation of the Eighth Amendment, and Ohio has no other means available to execute Bays that comply with the Constitution.

---

[2] If the Motion is granted, Bays will append these claims to the claims already pending and re-number them accordingly.

8

>VI. Bays's unique, individual physical and/or mental characteristics will cause any execution by lethal injection under Ohio law to violate the Eighth Amendment, and Ohio has no other means available to execute Bays that comply with the Constitution.

**SECOND GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Bays because the only means available for execution violate the Due Process Clause of the Fourteenth Amendment.

>I. Execution by lethal injection under Ohio law will deny Bays's interests in expecting and receiving a quick and painless death in violation of the Due Process Clause of the Fourteenth Amendment, and Ohio has no other means available to execute Bays that comply with the Constitution.

>II. Bays's execution by lethal-injection under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Due Process Clause of the Fourteenth Amendment, and Ohio has no other means available to execute Bays that comply with the Constitution.

**THIRD GROUND FOR RELIEF**: The State of Ohio cannot constitutionally execute Bays because the only means available for execution violate the Equal Protection Clause of the Fourteenth Amendment.

**I. Equal Protection – Fundamental Rights**

>A. Underlying constitutional violations in Ohio's lethal-injection system substantially burdens Bays's fundamental rights, and Ohio has no other means available to execute Bays that comply with the Constitution.

>B. Unavoidable variation inherent in Ohio's lethal-injection system substantially burdens Bays's fundamental rights, and Ohio has no other means available to execute Bays that comply with the Constitution.

**II. Equal Protection – "Class-of-One" Disparate Treatment**

**FOURTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Bays because the only means available for execution depend on state execution laws that are preempted by federal law.

    I. DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the CSA) of those drugs violates the CSA.

        A. The Ohio lethal-injection statute and DRC's Execution Protocol, as written and as implemented, purport to permit DRC to obtain controlled substances used in executions without a valid prescription, in violation of the CSA and DEA regulations.

        B. The Ohio lethal-injection statute and DRC's Execution Protocol, as written and as implemented, purport to authorize DRC, Central Pharmacy, and Southern Ohio Correctional Facility to provide controlled substances to Drug Administrators in contravention of the CSA and DEA regulations.

        C. DRC's execution protocols and the Ohio execution statute are preempted by the federal CSA.

    II. DRC's actions in obtaining execution drugs, its import, purchase, possession, dispensing, distribution and/or administration (and any other terms of art under the FDCA) of those drugs contravene the FDCA because those drugs used in an execution are unapproved drugs and/or misbranded drugs and/or constitute unapproved Investigational New Drugs.

        A. Thiopental sodium can never be used as an execution drug in compliance with the FDCA.

        B. Drugs that are considered Schedule I drugs can never be used as execution drugs in compliance with FDCA and/or the CSA.

        C. No drug can ever be used to carry out a lethal-injection human execution because no drug has ever been approved by FDA for the specific purpose of causing death from lethal injection during a human

>    execution or for the purpose of causing a quick and painless death in a human execution.
>
>    D. DRC's use of unapproved new drugs in a lethal-injection execution contravenes federal law because it is not subject to an Investigational New Drug Application.
>
>    E. DRC's execution protocols and the Ohio execution statute are preempted by the federal FDCA.
>
> III. DRC's actions in obtaining compounded controlled substances for use as execution drugs, its import, purchase, possession, dispensing, distribution and/or administrations (and any other terms of art under the CSA or FDCA) of those drugs violate federal law.
>
>    A. DRC's actions in obtaining compounded execution drugs, its procurement, obtaining, importing, purchasing, dispensing, distributing, possessing and/or administration (and any other terms of art under the CSA or FDCA) of those drugs violates federal law because compounding drugs for use in an execution violates 21 U.S.C. § 353a and/or § 353b.
>
>    B. DRC's actions in obtaining compounded execution drugs, its procuring, obtaining, importing, purchasing, dispensing, distributing, possessing and/or administering (and any other terms of art under the CSA or FDCA) of compounded controlled substances violate various other provisions of the federal drug laws.
>
>    C. DRC's execution protocols and the Ohio execution statute are preempted by federal law.

(Proposed Amended Grounds for Relief, ECF No. 216-1, PageID 8338, et seq.)  These are, of course, just the grounds for relief; each is supported by many additional paragraphs of pleading.

In 2007 the Supreme Court changed the standard for sufficiency of pleading under Fed. R. Civ. P. 8, holding:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id. citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.")  *Twombly* expressly overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Two years later the Court further explicated the pleading standard it had adopted:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we  "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but

12

> it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

How applicable are *Twombly* and *Iqbal* to habeas corpus proceedings? Rule 2(c) of the Rules Governing § 2254 Cases (the "Habeas Rules") provides in pertinent part that a habeas corpus "petition must (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." The Advisory Committee Notes from adoption of the Habeas Rules in 1976 explain "[i]n the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. Since it is the relationship of the facts to the claim asserted that is important, these petitions were obviously deficient." Although the Habeas Rules were first adopted thirty years before *Twombly*, Rule 2(c) mirrors the Supreme Court's conclusion in *Twombly* that pleading mere conclusions is not enough. This is particularly true where petitioners such as Bays and other death row inmates in Ohio are represented by sophisticated counsel whose sole practice is in habeas corpus. Represented habeas petitioners are not entitled to the leeway accorded to *pro se* habeas litigants. See *Haines v. Kerner,* 404 U.S.

13

519, 520-21 (1972).

In arguing that the Proposed Amended Petition is sufficiently fact specific, Bays relies on *El-Hallani v. Huntington Nat'l Bank*, No. 14-1827, 623 Fed. App'x 730, 2015 U.S. App. LEXIS 12906 (6th Cir. 2015); and *Flood v. Phillips*, No. 01-2249, 90 Fed. App'x 108, 2004 U.S. App. LEXIS 1555 (6th Cir. 2004). *El-Hallani* interprets *Twombly* and *Iqbal* as preserving notice pleading under Fed. R. Civ. P. 8, but notes that "[m]erely reciting the elements of the cause of action, couched as allegations, will not do." *Id.* at *735.

While *Flood* addresses the requirements of Habeas Rule 2(c), it does so in a conclusory way, i.e., it finds the "bare bones" petition in that case sufficient without reciting what was in the petition. The only case to which *Flood* cites that turns on a pleading issue is *Hill v. Lockhart*, 474 U.S. 52 (1985), where the Supreme Court held that the petition was insufficient for failure to satisfy the prejudice prong of *Strickland v. Washington,* 466 U.S. 668 (1984), in that

> Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. Indeed, petitioner's mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted.
>
> Because petitioner in this case failed to allege the kind of "prejudice" necessary to satisfy the second half of the *Strickland v. Washington* test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim.

*Hill,* 474 U.S. at 60.

Although calling the requirement of fact pleading "wholly anachronistic," in light of "far

less exacting pleading . . . for ordinary civil actions." Wright and Miller agree that fact pleading is required by Habeas Rule 2(c). Wright, Miller, Cooper & Amar, Federal Practice and Procedure: Jurisdiction 3d § 4268.3 (2007). Hertz & Liebman agree that Habeas Rule 2(c) states a fact pleading requirement "which deviates from the 'notice pleading' rule applicable in other federal civil cases. . ." Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure 6th §11.6 (2011). They interpret the rule as requiring "that the petitioner include in the statement of each claim enough supporting facts to distinguish it from claims of its generic type and to justify a decision for the petitioner once the alleged facts are proven." *Id.* Hertz and Liebman set out in the margin numerous cases where federal courts have found the factual pleading in habeas petitions to be insufficient including, *inter alia, Hill v. Lockhart, supra.*

In examining Bays' proposed Grounds for Relief against this standard, the Court finds they generally allege sufficient facts to satisfy Habeas Rule 2(c). That is, the claims made by Bays about the availability of lethal execution drugs and Ohio's protocol for administering them, although they apply to many Ohio capital habeas petitioners, are sufficiently factual to permit the Warden to defend and the Court to adjudicate those claims.

There is one exception. Sub-claim VI of the First Ground for Relief reads:

> VI. Bays's unique, individual physical and/or mental characteristics will cause any execution by lethal injection under Ohio law to violate the Eighth Amendment, and Ohio has no other means available to execute Bays that comply with the Constitution.

This claim is virtually identical to claims being made by other Ohio capital habeas petitioners. See, e.g., *Chinn v. Warden*, Case No. 3:02-cv-512, ECF No. 133, PageID 9701-3; *Raglin v. Mitchell*, Case No. 1:00-cv-767, ECF No. 247, PageID 3405-7; *Sheppard v. Robinson*, Case No. 1:12-cv-198, ECF No. 70-1, PageID 1103-5. Every human being has unique physical and mental

characteristics, at least when considered in combination and when expressed in the individual person. Bays fails to allege which of his physical or mental characteristics makes it impossible to execute him by lethal injection. Is it hallucinations or heart disease or anxiety or a liver ailment, or what? The claim cannot be defended against or adjudicated without knowing what the alleged individual characteristics are.

Petitioner's Motion to Amend is DENIED as to Sub-claim VI of the First Ground for Relief. The Court finds the remaining proposed Grounds for Relief are pled with sufficient factual specificity to satisfy Habeas Rule 2(c).

**Cognizability of Method-of-Execution Claims in Habeas**

Relying on an expansive reading of *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), this Court had allowed method-of-execution claims to be brought in habeas corpus at the same time that a petitioner is pursuing closely parallel claims in a § 1983 action. Other judges of this Court have taken the same position in the past. However, the undersigned agrees with Judge Frost that *Glossip* "undeniably upends" that practice. *Henderson*, 2015 U.S. Dist. LEXIS 134120 at *9. Accordingly, this Court has denied amendments parallel to those sought to be made here in other capital habeas corpus cases. *Turner v. Hudson*, 2016 U.S. Dist. LEXIS 6019(S.D. Ohio Jan. 19, 2016); *Campbell v Jenkins,* 2016 U.S. Dist. LEXIS 6521 (S.D. Ohio Jan. 20, 2016); *Sheppard v. Robinson*, 2016 U.S. Dist. LEXIS 18297 (S.D. Ohio Feb. 16, 2016); *O'Neal v. Jenkins,* 2015 U.S. Dist. LEXIS 121376 (Sept. 11, 2015), adopted by *O'Neal v. Warden, Chillicothe Corr. Inst.,* 2016 U.S. Dist. LEXIS 17602 (S.D. Ohio Feb. 12, 2016)(Barrett, J.); *Raglin v. Mitchell*, 2016 U.S. Dist. LEXIS 23807 (S.D. Ohio Feb. 26, 2016).

Upon this authority, the Court finds Bays' four proposed Grounds for Relief are not cognizable in habeas corpus and the motion to amend to add them is, on that basis, DENIED.

**Statute of Limitations**

The Warden argues the proposed amendments would be futile because they are barred by the one year statute of limitations in 28 U.S.C. § 2244 (d).

The Warden concedes Bays' initial Petition was timely filed but notes that it did not contain a claim based on lethal injection. The pendency of a habeas petition does not toll the statute of limitations because it is not an application for state post-conviction or other collateral review. *Duncan v. Walker*, 533 U.S. 167 (2001). .

Bays asserts his time to file began to run anew when Ohio changed its written execution protocol, most recently on June 29, 2015 (Reply, ECF No. 220, PageID 8492). He also argues "evidence obtained for the first time . . .triggered new limitations periods over the past several years." *Id.*

Because the Court has determined that none of the proposed new claims is cognizable in habeas corpus, it need not decide the statute of limitations issue at this point. The Court notes, however, that Petitioner is quite vague in his allegations of which new factual predicates arose when. He speaks of the "new factual landscape that has developed over only the last couple of years . . ." *Id.* at PageID 8493. A limitations analysis unanchored from the date of adoption of a new protocol will require much tighter analysis of the dates when critical information was discovered.

**Eleventh Amendment Immunity and Federal Pre-emption**

The Warden's Eleventh Amendment immunity defense is without merit. Habeas corpus is a well-recognized exception to the Eleventh Amendment. *Seminole Tribe v. Florida*, 517 U.S. 44 (1996).

Because the Court has already determined that Bays' proposed new claims are not cognizable in habeas corpus, it need not consider the Warden's pre-emption defense.

**Conclusion**

In accordance with the foregoing analysis, the Petitioner's Motion for Leave to File an Amended Petition is DENIED.

March 1, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
