# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD BAYS,

               Petitioner,      :      Case No. 3:08-cv-076

    - vs -                              District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,
                                 :
               Respondent.

# SUPPLEMENTAL OPINION

This capital habeas corpus case is before the Court on the Warden's Objections (ECF No. 239) to the Magistrate Judge's Decision and Order (ECF No. 235). Petitioner has responded to the Objections (ECF No. 241) and Judge Rose has recommitted the matter for additional analysis (ECF No. 240).

The Decision granted Petitioner's renewed Motion for Leave to File a Second Amended and Supplemental Petition for Writ of Habeas Corpus (ECF No. 232).

**Cognizability**

The Warden first objects that the Magistrate Judge's finding that proposed grounds for relief sixteen, seventeen, eighteen, and nineteen are cognizable in habeas corpus (ECF No. 239, PageID 8750-54). This objection precisely parallels the Warden's Objection in *Chinn v. Warden*, Case No. 3:02-cv-512 where the Magistrate Judge made the same cognizability ruling

1

(ECF No. 160 in that case). For the reasons given in the Second Supplemental Report and Recommendations in that case (ECF No. 169), the Magistrate Judge finds the Warden's cognizability argument unpersuasive and recommends that it be overruled.

*Sua Sponte* **Action of the Magistrate Judge**

The Warden objects that the Magistrate Judge acted *sua sponte* "in derogation of the Warden's due process right to notice and an opportunity to be heard," citing *Day v. McDonough*, 547 U.S. 198, 210 (2006)(Objections, ECF No. 239, PageID 8749).

Bays' Motion to Amend was timely filed in accordance with a previously adopted scheduling order (ECF Nos. 230, 231). The Warden opposed the Motion in part by arguing a limitations defense which reads in its entirety as follows:

> Second, to the extent the proposed amended claims are construed as a properly pled general challenge to lethal injection, the one year statute of limitations under 28 U.S.C. §2244(d) has long ago expired, where the state court judgment Bays attacks has been final for more than two decades. *Turner v. Hudson,* No. 2:07-cv-595, 2016 WL 212961, *8-10 (S.D. Ohio Jan. 19, 2016); *In re: Lawrence Landrum,* Case No. 16-3151, at pg. 2-3 (6th Cir. Feb. 13, 2017).

(ECF No. 233, PageID 8703.) Petitioner responded by arguing at length that his amendments were timely and that the Warden had forfeited the limitations defense (Reply, ECF No. 234, PageID 8712-15). In the Decision, the Magistrate Judge rejected that argument and Petitioner's further arguments about how newly discovered evidence make his lethal injection invalidity claims newly ripe or newly arising (ECF No. 235, PageID 8730-33). Thus the issue of whether the proposed amendments were timely or were, in contrast, barred by the statute of limitations was brought into the case by the parties. This is completely unlike the situation in *McDonough,*

*supra*, where the whole issue was injected into the case by the court *sua sponte*.

A court does not act *sua sponte* when it decides a plainly presented issue on the basis of an argument not presented by the parties. The Warden cites no authority for the proposition that a federal habeas court may not decide an issue on the basis of what it considers to be the correct law without limiting itself to arguments raised by the parties.[1] The Warden's due process rights have not been violated.

**Equitable Tolling**

The Warden argues that, whether the issue was raised *sua sponte* or not, Bays is not entitled to equitable tolling (Objections, ECF No. 239, PageID 8756). This argument precisely parallels an argument made by the Warden in *Chinn v. Warden*, Case No. 3:02-cv-512 where the Magistrate Judge made the same equitable tolling ruling (ECF No. 160 in that case). For the reasons given in the Second Supplemental Report and Recommendations in that case (ECF No. 169), the Magistrate Judge finds the Warden's equitable tolling argument unpersuasive and recommends that it be overruled.

---

[1] When the undersigned was a new municipal judge, in the first bar evaluation he received, an attorney wrote "Judge Merz is known to decide mattes on law not cited by the parties." I have never been able to decide whether that was a compliment or a criticism.

**Conclusion**

Having reconsidered the Motion to Amend in light of the Objections, the Magistrate Judge respectfully recommends the Objections be OVERRULED.

May 23, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).