# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD BAYS,

        Petitioner,        :      Case No. 3:08-cv-076

    - vs -                              District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                       :

        Respondent.

# REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Respondent's Motion to Dismiss Bays's lethal injection claims (ECF No. 250). Petitioner opposes the Motion (Response, ECF No. 254) and Respondent has filed a Reply in support (ECF No. 255).

The Grounds for Relief in question appear in the Amended Petition filed July 24, 2017, (ECF No. 247) as follows:

> **SIXTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available under the law to execute him violates his Eighth Amendment rights.
>
> **SEVENTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available for execution violates the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment.
>
> **EIGHTEENTH GROUND FOR RELIEF**: The State of Ohio cannot constitutionally execute Petitioner because the only manner of execution available for execution under Ohio law violates the Equal Protection Clause of the Fourteenth Amendment.

1

> **NINETEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

(ECF No. 232-1, PageID 8583)

In granting Bays's motion to amend to add these claims, the Court summarized the history of lethal injection invalidity claims in habeas corpus and concluded:

> As proposed to be pled, Bays' four new lethal injection invalidity claims quoted above fit within the cognizability window recognized in *Adams III*. That is to say, they are not claims that lethal injection executions are *per se* unconstitutional; such a claim would be precluded by precedent. As this Court understands the Sixth Circuit's classification in *Adams I, II, and III,* a *per se* claim would read something like "It is unconstitutional for any American State to execute anyone by lethal injection." Instead, these claims are general in the sense that they assert "It is and will always be unconstitutional for the State of Ohio to execute Mr. Bays by any lethal injection procedure and because Ohio authorizes executions only by lethal injection, his death sentence is invalid."

(Decision and Order, ECF No. 235, PageID 8728)(reported at *Bays v. Warden,* 2017 WL 1315793 (S.D. Ohio Apr. 10, 2017) Chief Judge Sargus relied on this reasoning to allow a parallel amendment in *Davis v. Warden*, Case No. 2:10-cv-107 (ECF No. 128, PageID 11578).

In granting leave to amend, the Court considered the general standard under Fed. R. Civ. P. 15 which included determining that the proposed amended petition would withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 235, PageID 8726-27). The Warden's instant Motion essentially asks the Court to reconsider that decision in light of *In re: Tibbetts*, 869 F.3d 403, (6th Cir. Jul 24, 2017).

The Warden argues that Bays's four lethal injection invalidity claims are not general enough, that they

> focus . . . on the drugs, methods, and conditions surrounding his execution by lethal injection, not on lethal injection in the general sense. Rather, "despite clever semantics" Bays raises a "challenge to a particular application of a particular method of execution to a particular person, not a challenge to the validity of his sentence."

(Motion, ECF No. 250, PageID 8922, quoting *Tibbetts*, 2017 U.S. App. LEXIS at *10, fn. 2)[1].

Bays responds that *Tibbetts* does not apply to the Nineteenth Claim for Relief and is distinguishable because it was concerned with whether Tibbetts' second-in-time habeas petition was second-or-successive. To the extent *Tibbetts* is applicable, Bays asks the Court to wait to apply it until after the Supreme Court of the United States has considered an as-yet-unfiled petition for writ of certiorari in that case (Response, ECF No. 254, PageID 8940-41).

The Warden's Reply cites further law in support of dismissing the Nineteenth Ground for Relief (ECF No. 255, PageID 8951-53).

## Analysis

*Tibbetts* provides helpful circuit court clarification of the procedural difficulties faced by this and other district courts when a death row inmate seeks to proceed simultaneously with substantively identical constitutional claims under 42 U.S.C. § 1983 and in habeas corpus.

In initially granting leave to amend, the Court noted

> Petitioners' bar has had an apparent strategy for some years to have parallel habeas and § 1983 actions pending simultaneously on behalf of the same inmate and raising substantively parallel claims. Implementation of this strategy has been supported by the series of decisions of the Sixth Circuit in Stanley Adams' habeas corpus case from the Northern District of Ohio, *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284

---

[1] Although *Tibbetts* is a published opinion, it is not yet available with official reporter page numbers.

(6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I*, *Adams II*, and *Adams III* respectively.

(Decision, ECF No. 235, PageID 8723-24).

Bays's case is an instantiation of that strategy. On September 22, 2017, the same day on which he opposed dismissal of his habeas corpus lethal injection invalidity claims, Bays, along with ninety-three other Ohio death row inmates, filed his Fourth Amended Omnibus Complaint in *In re Ohio Injection Protocol Litig.*, Case No. 2:11-cv-1016 (the "Protocol Case"), seeking permanent injunctive relief against his execution under Ohio's current lethal injection protocol, 01-COM-11 (October 7, 2016). Stanley Adams and Raymond Tibbetts are co-plaintiffs in that case[2].

*Tibbetts* is, as Bays notes, principally concerned with the second-or-successive habeas application question. That question is not involved with the present Motion because the instant case is Bays's first habeas application and has not reached judgment.

But *Tibbetts* does speak tangentially to the parallel litigation situation. The majority reads *Adams III* as allowing for the possibility of an "intermediate challenge" to lethal injection executions which could be "cognizable in habeas and not just in a § 1983 claim," but notes that the *Adams III* court itself had "affirmed the denial of habeas relief because [Adams'] claim was more appropriately pursued in his ongoing § 1983 litigation. That is the same result we reach here." *Tibbetts*, 2017 U.S. App. LEXIS *10, fn. 2.

Judge Moore in dissent also speaks to the parallel litigation situation:

> I agree with Tibbetts and the district court that this court has authorized condemned inmates to bring intermediate ("general enough . . . but not too general") challenges to lethal injection, but I disagree that habeas is always the proper procedural vehicle for

---

[2] Tibbetts is not named in the caption of the Omnibus Fourth Amended Complaint. Because of the relative imminence of his execution date several times during 2017, his Fourth Amended Complaint was separately filed.

> these challenges. Whether § 1983 or habeas is the appropriate procedural vehicle depends on the factual predicate of the constitutional challenge. Challenges to Ohio's implementation of lethal injection can be brought under § 1983, whereas challenges to death sentences related to an individual's mental or physical characteristics can be brought as habeas cases.
>
> This court previously has held that § 1983 is the proper procedural vehicle for challenges to lethal injection that depend on evidence about a particular lethal injection protocol or Ohio's inability to administer lethal injection in a constitutional manner.
>
> On the other hand, habeas is the proper procedural vehicle for challenges to lethal injection that depend on particular physical or mental characteristics of the person to be executed, such as their competency.

*In re Tibbetts,* 2017 U.S. App. LEXIS 13664, *14-16, citing *Frazier v. Jenkins*, 770 F.3d 485, 505 (6th Cir. 2014) ("Frazier admits that the United States Supreme Court . . . held that execution by lethal injection is not per se unconstitutional, but he contends that 'the implementation of the method of execution could implicate the Eighth Amendment prohibition against cruel and unusual punishment.' . . . Frazier is a party to an ongoing action, filed under 42 U.S.C. § 1983, challenging Ohio's lethal-injection regime [to wit, this Court's Protocol Case]. We think that that litigation is the proper avenue for Frazier to bring this constitutional challenge.")(internal citations omitted); and *Scott v. Houk*, 760 F.3d 497 at 512 ("As the law currently stands, there is no merit to Scott's assertion that his sentence is void because lethal injection is unconstitutional. Simply put, lethal injection does not violate the Constitution per se, and Scott acknowledges as much in his brief. Therefore, in order to obtain relief from his sentence, Scott would first have to gather facts showing that Ohio is unable to administer lethal injection in a constitutionally permissible manner. And this is precisely the type of discovery that Scott can pursue in his § 1983 litigation [again, this Court's Protocol Case].") (*citing inter alia Baze*, 553 U.S. 35, 128 S. Ct. 1520, 170 L. Ed. 2d 420). Judge Moore noted that "*Scott*, in particular, undermines Tibbetts's

argument that habeas is the proper procedural vehicle insofar as his case depends on evidence about Ohio's previous implementation of lethal injection protocols." *Id.* , citing *Scott*, 760 F.3d at 512.

Thus both *Tibbetts*' opinions support this Court's position that the kinds of constitutional claims Bays makes in his Second Amended Petition are more properly pursued in the Protocol Case than in this habeas corpus case.

However, the fact that the claims are "more properly pursued" in a § 1983 case does not mean that they fail to state a claim upon which habeas corpus relief can be granted, which is the test on the instant Motion under Fed. R. Civ. P. 12(b)(6). *Adams III* recognized that such an intermediate claim ("general enough . . . but not too general") can be pleaded in habeas corpus and *Tibbetts* does not purport to overrule *Frazier, Scott*, or *Adams III*[3]. In any event, *Tibbetts* does not **hold** (as opposed to suggesting) that a death row inmate cannot have simultaneously pending § 1983 and habeas actions with the same substantive constitutional claims. Until the Sixth Circuit does so, this Court can be consistent with both *Adams III* and *Tibbetts* by allowing the habeas pleading, but directing the litigation concerning execution methods generally through the Protocol Case.

It is therefore respectfully recommended that the Motion to Dismiss be DENIED as to Grounds for Relief Sixteen, Seventeen, and Eighteen.

**Nineteenth Ground for Relief**

In his Nineteenth Ground for Relief, Bays asserts the State of Ohio cannot

---

[3] Nor could it do so, since *Adams III* is a published opinion. *Hinchman v. Moore,* 312 F.3d 198, 203 (6th Cir. 2002); *Neuman v. Rivers,* 125 F.3d 315 (6th Cir. 1997).*Salmi v. Secretary of Health and Human Servs*., 774 F.2d 685, 689 (6th Cir,. 1985)

constitutionally execute him because "Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law." (ECF No. 247, PageID 8802.)

Bays contends that *Tibbetts* does not speak to his Nineteenth Ground for Relief because it "is based on federal statutory violations." (Response, ECF No. 254, PageID 8941.) His Second Amended Petition alleges "[a] violation of federal statutory law can provide a basis for habeas corpus relief if the violation amounts to a fundamental defect in the proceedings." *Id.,* quoting ECF No. 247, PageID 8882, citing *Hill v. United States,* 368 U.S. 424, 428 (1962), and *Reed v. Farley*, 512 U.S. 339, 353-54 (1994).

This is a case in federal court attacking a state court judgment and is thus brought under 28 U.S.C. § 2254. Federal habeas corpus is available only to correct federal **constitutional** violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Neither *Hill* nor *Reed* was brought under § 2254, but rather they were collateral attacks on federal criminal judgments brought under 28 U.S.C. § 2255. Neither Hill nor Reed supports expanding § 2254 to cover violations of federal statutes.

Bays also cites *Sorrentino v. Lavalley*, 2016 WL 3460418 (S.D.N.Y. 2016); *Jiminez v. Colorado* DOC, 2015 WL 4113771 (D. Colo. 2015); and *Bashaw v. Paramo*, 2014 WL 7331938 (C.D. Cal. 2014). *Sorrentino* is a § 2254 case, but expressly decides as to each claim for relief that there was no federal constitutional violation. *Jiminez* specifically rejects habeas relief for a statutory violation; The *Bashaw* court expressly noted the limitation to constitutional claims in 28 U.S.C. § 2254(a) and that the phrase "clearly established federal law" "means federal law that

7

is clearly defined by the holdings of the Supreme Court at the time of the state-court decision." 2014 WL 7331938 at *4, citing *Cullen v. Pinholster* [563 U.S. 170], 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011).

In sum, Bays has cited no federal precedent for extending § 2254 relief to violations of federal statutes and particularly no precedent of the United States Supreme Court holding that the statutes cited in the Nineteenth Ground for Relief preempt state execution statutes and thus provide a constitutional basis for relief in a § 2254 case.

Because the Nineteenth Ground for Relief fails to state a claim upon which relief can be granted, it should be dismissed with prejudice because no amendment would make it cognizable in habeas corpus.

**Conclusion**

Based on the foregoing analysis, Respondent's Motion to Dismiss (ECF No. 250) should be DENIED as to Grounds Sixteen, Seventeen, and Eighteen and GRANTED as to Ground Nineteen.

October 2, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).