# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD BAYS,

        Petitioner,

   - vs -

WARDEN, Ohio State Penitentiary,

        Respondent.

Case No. 3:08-cv-076

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## SUBSTITUTED REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on the Warden's Motion to Dismiss Lethal Injection Claims (ECF No. 250). The Magistrate Judge recommended granting the Motion in part and denying it in part (Report, ECF No. 256). Both parties objected (ECF Nos. 257, 258) and filed Responses to each other's Objections (ECF Nos. 260, 263). Judge Rose recommitted the matter for reconsideration in light of the Objections (ECF No. 259). Then the Sixth Circuit handed down *In re Campbell,* ___ F.3d ___, 2017 U.S. App. LEXIS 21094 (6th Cir. Oct. 25, 2017). Because *Campbell* changes the Magistrate Judge's analysis of the issues involved, the prior Report is WITHDRAWN and the issues are here considered *de novo*.

The Grounds for Relief in question appear in the Amended Petition filed July 24, 2017, (ECF No. 247) as follows:

> **SIXTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available under the law to execute him violates his Eighth Amendment rights.

1

> **SEVENTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available for execution violates the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment.
>
> **EIGHTEENTH GROUND FOR RELIEF**: The State of Ohio cannot constitutionally execute Petitioner because the only manner of execution available for execution under Ohio law violates the Equal Protection Clause of the Fourteenth Amendment.
>
> **NINETEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

(ECF No. 232-1, PageID 8583.) The Magistrate Judge permitted amendment of the Petition to add these claims, analyzing them as fitting within the "cognizability window" for lethal injection invalidity claims in habeas corpus recognized in *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016) (Decision and Order, ECF No. 235, PageID 8728, reported at *Bays v. Warden,* 2017 U.S. Dist. LEXIS 54466 (S.D. Ohio Apr. 10, 2017.) The Warden then filed the instant Motion to Dismiss based on the Sixth Circuit's decision, *In re: Tibbetts*, 869 F.3d 403, (6th Cir. Jul 24, 2017). The Magistrate Judge applied *Tibbetts* in the initial Report, but while *Tibbetts* is relevant to the issues involved, *Campbell* is dispositive for reasons that follow.

# Analysis

Richard Bays is a plaintiff in *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016 (the "Protocol Case"). That case seeks to permanently enjoin Ohio from executing him and most other Ohio death row inmates under the current lethal injection protocol, which was

adopted October 7, 2016. That protocol has already been the subject of extensive litigation, *e.g.*, *In re: Ohio Execution Protocol Litig. (Phillips, Tibbetts, & Otte)*, 2017 U.S. Dist. LEXIS 11019 (S.D. Ohio Jan 26, 2017), rev'd, 860 F.3d 881 (6th Cir. June 28, 2017)(*en banc*); *cert den. sub nom. Otte v. Morgan*, ___ U.S. ___, 2017 WL 3160287 (July 25, 2017); *In re: Ohio Execution Protocol Litig. (Otte),* 2017 U.S. Dist. LEXIS 145432 (S.D. Ohio Sept. 8, 2017); *In re: Ohio Execution Protocol Litig. (Campbell & Tibbetts),* 2017 U.S. Dist. LEXIS 182406 (S.D. Ohio Nov. 3, 2017).

A civil rights action under 28 U.S.C. § 1983 offers the capital litigant many advantages over a habeas corpus action. Among other things, it is not subject to the second-or-successive limitation or the limits on discovery in habeas corpus. Because it is forward looking instead of focused on what happened in the state courts, it is not limited in the introduction of evidence imposed in habeas by § 2254(d) as interpreted in *Cullen v. Pinholster*, 563 U.S. 170 (2011).

Even before the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") vastly increased the procedural restrictions on habeas corpus, the Supreme Court held a district court could not grant release from confinement in a § 1983 action; to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). (Notably, Justice Brennan, the major architect of expansion of habeas in the 1960's, dissented.) It was in *Nelson v. Campbell*, 541 U.S. 637 (2004), that the Supreme Court first held that a means or method of execution claim could be brought in a § 1983 case, over the objection of state officials who insisted that such a claim had to be brought in habeas corpus and which would, in Nelson's case, have been subject to the second-or-successive requirement imposed by the AEDPA. The Court unanimously concluded that, because Nelson's challenge to the method of execution (a vein cut-down procedure) did not challenge his actual death sentence, it could be brought in a § 1983

action.

*Cooey v. Taft*, Case No. 2:04-cv-1156, a § 1983 action which is the direct predecessor of the Protocol Case, was filed December 8, 2004, and references an earlier filing in Case No. 2:04-cv-532 on June 10, 2004, less than a month after *Nelson* was decided. As consolidated in the Protocol Case, *Cooey* remains pending. The same organizations of attorneys who provide representation to plaintiffs in the Protocol Case – the Capital Habeas Units of the Offices of the Federal Public Defender for the Southern and Northern Districts of Ohio and the Ohio Public Defender's Office – also represent most of the capital habeas corpus petitioners in this Court. Thus the litigation context provides maximal opportunities for coordination of strategy. To this Court's eye, those opportunities are never missed.

Petitioners' bar has had an apparent strategy for some years to have parallel habeas and § 1983 actions pending simultaneously on behalf of the same inmate and raising substantively parallel claims. Implementation of this strategy has been supported by the series of decisions of the Sixth Circuit in Stanley Adams' habeas corpus case from the Northern District of Ohio, *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. March 15, 2016); and *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. June 13, 2016), referred to herein as *Adams I*, *Adams II*, and *Adams III* respectively.

In *Adams I* the circuit court held, over Ohio's objection, that a challenge to the method of lethal injection could be brought in habeas corpus as well as in a § 1983 action. That is to say, availability of the § 1983 cause of action did not logically imply the absence of a § 2254 cause of action. Attempting to obey *Adams I*, this Court permitted amendments of capital habeas petitions to add lethal injection claims and indeed treated those claims as newly arising whenever Ohio's lethal injection protocol was amended.

4

Then the Supreme Court appeared to call this Court's practice into question with its decision in *Glossip v. Gross*, 135 S.Ct. 2726 (2015):

> Petitioners contend that the requirement to identify an alternative method of execution contravenes our pre-*Baze* [*v. Rees*, 533 U.S. 35 (2008)] decision in *Hill v. McDonough*, 547 U. S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), but they misread that decision. The portion of the opinion in *Hill* on which they rely concerned a question of civil procedure, not a substantive Eighth Amendment question. In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id.*, at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that **a method-of-execution claim must be brought under §1983** because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id.*, at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

135 S.Ct. at 2738 (emphasis added). Changing course, this Court concluded the "must be brought" language in *Glossip* precluded what it had been doing under *Adams I*. Then, in *Adams II* as clarified by *Adams III*, the Sixth Circuit decided *Glossip* did not implicitly overrule *Adams I*. *Adams v. Bradshaw*, 826 F.3d 306, 318-21 (6th Cir. 2016), *cert den. sub nom. Adams v. Jenkins*, 137 S.Ct. 814, 196 L. Ed. 2d 602 (2017). The Court changed course again and recognized method of execution claims as cognizable in habeas.

Respondent's instant Motion to Dismiss is grounded in *In re: Raymond Tibbetts*, 869 F.3d 403 (6th Cir. 2017). In the original Report, the Magistrate Judge concluded that *Tibbetts* suggested that lethal-injection-invalidity claims of the sort pleaded in Grounds for Relief Sixteen, Seventeen, and Eighteen were more properly pursued in a § 1983 proceeding, but that did not imply that they were not cognizable in habeas (Report, ECF No. 256, PageID 8959). In that way, *Tibbetts* and *Adams III* could be read as consistent with each other, a desirable result since they are both published circuit opinions. *Id.* In any event, the principal issue in *Tibbetts* was whether his petition in that case was second-or-successive, not an issue here since this is

5

Bays' first habeas case challenging his capital conviction.

*Campbell* changes the analysis. *Campbell,* like *Tibbetts*, was also before the Sixth Circuit on a second-or-successive transfer from this Court. Interpreting *Glossip*, the circuit court held that

> *Glossip* therefore closed the hypothetical door left open by *Nelson, Hill*, and *Adams II*. No longer can a method-of-execution claim impair a death sentence itself. And since a method-of-execution claim can no longer "attack the validity of the prisoner's conviction or death sentence," a habeas court cannot act upon it. *Id.* at 2738. Thus, the *Glossip* Court necessarily barred all habeas petitions challenging "a particular application of a particular protocol to a particular person" as unconstitutionally painful. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). These challenges are properly remedied by an injunction prohibiting the state from *taking certain actions*, rather than a writ of habeas corpus that vacates the sentence entirely.

*Campbell* at *11-12 (emphasis in original). The *Campbell* court noted the language in *Adams III* on which capital petitioners and this Court have relied to justify pleading lethal-injection-invalidity claims in habeas and declared that language to be non-binding dictum. *Id.* at *15. It concluded further:

> [T]o the extent that *Adams III* purported to permit *Baze*-style habeas claims that refuse to concede the possibility of an acceptable means of execution, it is not controlling. Since *Glossip*'s holding directly addressed that question, it *is* binding on us, and we follow it today. In doing so, we do not intend to diminish the importance or correctness of the holding in *Adams II* that § 1983 and habeas are not mutually exclusive *as a per se rule*. All *Baze* and *Glossip* require is that— in the peculiar context of method-of-execution claims—the death-row inmate must proceed under § 1983.

*Campbell, supra*, at *15.

In allowing the Sixteenth, Seventeenth, and Eighteenth Grounds to be added to the Petition, this Court was attempting faithfully to follow *Adams III.* Because *Adams III* was

6

written to clarify *Adams II* at the request of one of the parties, this Court assumes the added language in *Adams III* was carefully chosen. Moore's Federal Practice notes, however, that "it is not always clear what the holding is in a particular case" because "[h]oldings may be given broad or narrow interpretations." 18 James Wm. Moore et al., Moore's Federal Practice §134.03[2] (3d ed. 1999). Even language that is dictum may be carefully chosen. In any event, if the relevant language in *Adams III* does not bind or no longer binds subsequent Sixth Circuit panels, it does not bind this Court. *Campbell* does.

The Court has been advised by counsel in the capital case of Bobby Sheppard (*Sheppard v. Jenkins*, Case No. 1:12-cv-198) that a petition for certiorari is intended to be filed in *Campbell*. However, because Mr. Campbell is scheduled to be executed November 15, 2017, that case is likely to become moot before the Supreme Court could grant certiorari.[1]

*Campbell* is fatal to the cognizability of Bays' Sixteenth, Seventeenth, and Eighteenth Grounds for Relief in habeas corpus. Each of them is a method/manner of execution claim under the Eighth or Fourteenth Amendment seeking to have Bays' death sentence invalidated without pleading an alternative method or manner. As noted above, Bays is a plaintiff in the Protocol Case and has in that case pleaded an alternative method of execution. Under *Campbell*, he must be remanded to that remedy.

The original Report recommended dismissal of Ground Nineteen as non-cognizable because it is based on federal statutory law instead of the Constitution. Bays has objected at length (ECF No. 263). Rather than deal with the legal argument in the Objections, the Magistrate Judge now recommends Ground Nineteen be dismissed on the same basis as applied

---

[1] Of course, Campbell's execution could be stayed to allow Supreme Court consideration or it could be seen as a live case under the "capable of repetition but evading review" rubric. In any event, counsel should not expect favorable treatment of a request to suspend consideration of the Motion to Dismiss pending certiorari in *Sheppard*, given that the Supreme Court denied certiorari in *Adams III* when given an opportunity to clarify *Glossip*.

to Grounds Sixteen, Seventeen, and Eighteen above, to wit, that method/manner of execution claims are not cognizable in habeas corpus, per *Campbell*.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Grounds for Relief Sixteen, Seventeen, Eighteen, and Nineteen, pleaded in the Second Amended Petition, be dismissed for failure to state a claim upon which relief can be granted in habeas corpus. Dismissal should be without prejudice to pursuing these claims in the Protocol Case.

Because this disposes of all claims made, the Court should direct the Clerk to enter final judgment dismissing all claims in the original Petition with prejudice and all claims in the Second Amended Petition without prejudice. As already ordered (ECF No. 148), Petitioner should be granted a certificate of appealability on Ground Five. Given the changes of course by the Sixth Circuit on the cognizability of lethal injection in habeas corpus, Bays should be granted a certificate of appealability on Grounds Sixteen, Seventeen, Eighteen, and Nineteen.

November 6, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).