# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RICHARD BAYS,

               Petitioner,           :    Case No. 3:08-cv-076

   - vs -                             District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

WARDEN, Ohio State Penitentiary,
                                 :

               Respondent.

# SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Objections (ECF No. 267) to the Magistrate Judge's Substituted Report and Recommendations (the "Substituted Report," ECF No. 265). The District Judge has recommitted the matter for reconsideration in light of the Objections (ECF No. 268). The Warden has decided not to file a response to the Objections and thus the matter is ripe on recommittal.

The Substituted Report recommends granting the Warden's Motion to Dismiss Lethal Injection Claims (ECF No. 250) in light of *In re Campbell,* 874 F.3d 454 (6th Cir. 2017), *cert. den. sub nom. Campbell v. Jenkins,* 2017 U.S. LEXIS 6891 (Nov. 14, 2017).

The Grounds for Relief in question appear in the Amended Petition filed July 24, 2017, (ECF No. 247) as follows:

> **SIXTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available under the law to execute him violates his Eighth Amendment rights.

1

**SEVENTEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because the only manner available for execution violates the Due Process Clause or the Privileges or Immunities Clause of the Fourteenth Amendment.

**EIGHTEENTH GROUND FOR RELIEF**: The State of Ohio cannot constitutionally execute Petitioner because the only manner of execution available for execution under Ohio law violates the Equal Protection Clause of the Fourteenth Amendment.

**NINETEENTH GROUND FOR RELIEF:** The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.

(ECF No. 232-1, PageID 8583).

Bays concedes that "*Campbell* did conclude that *Glossip v. Gross*, 135 S.Ct. 2726 (2015), requires Eighth Amendment claims challenging lethal injection to be raised in a civil rights proceeding under 42 U.S.C. § 1983, and states that such claims are not cognizable in habeas corpus proceedings." (Objections, ECF No. 267, PageID 9022.) But Petitioner contends, "*Campbell* does not qualify as binding precedent on this issue, however, and as a result this Court should adhere to the Sixth Circuit's earlier holdings finding that such claims can be raised in a habeas corpus case." *Id.* at PageID 9022-23.

Bays argues a number of reasons why this Court should not follow *Campbell*.

1.      **Bays Claims *Campbell* Could Not Overrule *Adams III***

Bays asserts *Campbell* did not overruled *Adams III* , He relies first on *Davis v. Jenkins*, 2017 U.S. Dist. LEXIS 161152 (S.D. Ohio Oct. 2, 2017)(Sargus, Ch. J.). *Davis* held that *In re Tibbetts*, 869 F.3d 403 (6th Cir. 2017), *cert. pending sub nom. Tibbetts v. Jenkins*, Case No. 17-6449, did not

overrule *Adams v. Bradshaw*, 826 F.3d 306, 321 (6th Cir. 2016), *cert. denied sub. nom. Adams v. Jenkins,* 137 S.Ct. 814, 196 L. Ed. 2d 60 (Jan. 17, 2017) (*"Adams III"*), which had upheld the cognizability in habeas of lethal injection invalidity claims that were "general enough." This Magistrate Judge had himself concluded earlier in this case that *Tibbetts* and *Adams III* could stand together, however tenuously (ECF No. 256, PageID 8959). But *Davis* was decided three weeks **before** *Campbell* and thus could not take *Campbell* into account.

However, the *Campbell* court did not purport to overrule *Adams III* , but rather to explain why *Adams III* did not control the case before it. *Campbell* deals with *Adams III* as follows:

> After *Glossip* was decided, the *Adams* case returned to this Court. *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016) (*Adams III*). *Adams III* came on appeal after our remand to the district court resulted in development of the facts. *Id.* at 309. The factual development revealed that Adams was protesting the "psychological toll" resulting from Ohio's recent changes to its lethal-injection protocol—facts not presented in *Adams II. Id.* at 320. We immediately responded to this revelation by holding that Adams "failed to present this claim to the state courts, nor did he raise it in his habeas petition." *Id.* This failure, as a matter of law, barred Adams from pursuing the claim in habeas. *Id.*; 28 U.S.C. § 2254(b); *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

> Notwithstanding the procedural default, the panel proceeded to speculate in dicta about the viability of a psychological-torment claim. *Adams III*, 826 F.3d at 320. It ultimately found the claim unsupported by the substantive law. Even then, the panel proceeded to discuss—again in dicta—the holding of *Adams II* in light of *Glossip. Id.* at 321. It reiterated that "Adams's case is distinguishable from *Hill* [*v. McDonough,* 547 U.S. 573 (2006)] because Adams argues that lethal injection cannot be administered in a constitutional manner, and that his claim 'could render his death sentence effectively invalid.'" *Id.* at 321 (quoting *Hill*, 547 U.S. at 580). Therefore, "to the extent that [a petitioner] challenges the constitutionality of lethal injection in general and not a lethal-injection protocol, his claim is cognizable in habeas." *Id.*

> We think this dictum mischaracterizes both *Adams II* and *Glossip*. And, of course, dictum in a prior decision—as opposed to a *holding*—does not bind future panels, including this one. 6th Cir.

R. 32.1(b); *United States v. Turner*, 602 F.3d 778, 785-86 (6th Cir. 2010) (explaining that statements which are "not necessary to the outcome" are not binding on later panels). The *Adams III* panel had already concluded that the petitioner's claim was both procedurally defaulted *and* forfeited. *Adams III*, 826 F.3d at 320. And although we may choose to excuse forfeiture in an exceptional case, we cannot ignore procedural default absent an express finding of cause and prejudice. *Wainwright*, 433 U.S. at 86-87. Thus, the statements "necessary" to the decision in *Adams III* ended when the panel acknowledged the default and forfeiture without any indication that an exception was present. *Adams III*, 826 F.3d at 320.

Thus, to the extent that *Adams III* purported to permit *Baze*-style habeas claims that refuse to concede the possibility of an acceptable means of execution, it is not controlling. Since *Glossip*'s holding directly addressed that question, it *is* binding on us, and we follow it today. In doing so, we do not intend to diminish the importance or correctness of the holding in *Adams II* that § 1983 and habeas are not mutually exclusive *as a per se rule*. All *Baze* and *Glossip* require is that— in the peculiar context of method-of-execution claims—the death-row inmate must proceed under § 1983.

2017 U.S. App. LEXIS 21094 at *13-15.[1]

If the *Campbell* panel had recognized *Adams III* as **holding** lethal injection claims were cognizable in habeas, but refused to follow it on the grounds it was not correct law, our duty as a trial court would be clear: we would be required to follow *Adams III* despite *Campbell* because a later panel of the Sixth Circuit cannot overrule the published decision of a prior panel. *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014); *Darrah v. City of Oak Park,* 255 F.3d 301, 309 (6th Cir. 2001); *Salmi v. Secretary of HHS*, 774 F.2d 685, 689 (6th Cir. 1985).

But that is not what happened. Instead, *Campbell* characterized the key language in *Adams III* as dicta. That is part of the holding of *Campbell* because the *Campbell* court had to make that characterization in order to reach its ultimate conclusion that method-of-execution claims must be brought in § 1983, not habeas.

---

[1] Pinpoint citations for the published decision are not yet available.

4

Bays further complicates the matter by inviting this Court to treat as dictum what the *Campbell* court treated as holding because, Bays says, the "cognizability of lethal injection claims in habeas corpus proceedings was not even an issue before the Court in that case." (ECF No. 267, PageID 9023). Thus, he asserts, a district court may treat as a holding part of a prior published decision of the circuit court even though a later published decision of that court says the prior language was dicta.

This Magistrate Judge tried faithfully to follow *Adams I* and allowed lethal injection invalidity claims in habeas between when *Adams I* was decided in 2011 and when *Glossip* was decided in 2015. Then the undersigned read *Glossip* literally – method of execution claims must be brought in § 1983, not habeas. Judge Frost put that reading of *Glossip* most succinctly when he wrote "*Glossip* now undeniably upends that practice," referring to allowing lethal injection invalidity claims to be brought in habeas per *Adams I*. *Henderson v. Warden*, 136 F. Supp. 3d 847, 851 (S.D. Ohio 2015). "Not so," said the *Adams II* and *III* panels, and this Court dutifully reversed course again. Then in *Campbell* a different panel says that it, and we as its subordinate courts, must follow *Glossip* and remand method-of-execution claims to § 1983 remedies.

"Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982). In the judgment of the undersigned, "following" means obeying what can be discerned as the intent of the superior court, rather than looking for ways to avoid that result by dissecting appellate court decisions. It is, of course, perfectly legitimate for counsel to argue for a construction of appellate decisions in ways that advance their clients' interests, but trial courts have no clients. We should be engaged with the appellate courts in "reasoned elaboration" of the law, not in seeking freedom to work

our own will in the interstices of appellate courts' words. As this Magistrate Judge and other judicial officers of this Court held in the interim between *Glossip* and *Adams III*, the best reading of *Glossip* is that method-of-execution claims must be brought in § 1983 actions. Bays has already done just that: he is a plaintiff in *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016, the consolidated § 1983 action challenging Ohio's method of execution.

### 2. Bays Claims *Campbell* Decided a § 2244(b) Question and Not the Underlying Merits

Bays next argues that *Campbell* is not binding precedent because the *Campbell* court was deciding only whether to grant Bays permission to proceed on a second-in-time habeas petition, and not the underlying merits. The Magistrate Judge believes this is a misreading of *Campbell*.

*Campbell* was before the circuit court on an order of Judge Rice affirming an order of the undersigned transferring the case to the Sixth Circuit as a second-or-successive habeas application. *Campbell v. Jenkins*, 2017 U.S. Dist. LEXIS 130803 (S.D. Ohio Aug. 16, 2017). Campbell's counsel from the Capital Habeas Unit of the Federal Public Defender's Office for this District resisted strongly this Court's characterization of Campbell's petition as second or successive. That is consistent with the position that office has taken in a whole series of second-in-time lethal injection invalidity claims in habeas.[2] Consistent with that position, they moved in the Sixth Circuit to remand *Campbell*, arguing the petition was not second-or-successive.

The *Campbell* court of course dealt thoroughly with that argument. It noted that, as Campbell argued, the Supreme Court has held a number of kinds of second-in-time habeas

---

[2] See *Smith v. Pineda*, Case No. 1:12-cv-196; *Sheppard v. Bagley*, Case No. 1:12-cv-196; *McGuire v. Robinson*, Case No. 3:12-cv-310; *Franklin v. Robinson*, Case No. 3:12-cv-312; *Landrum v. Robinson*, Case No. 2:12-cv-859; *Jones v. Warden*, Case No. 1:14-cv-440; *Henness v. Warden*, Case No. 2:14-cv-2580; *Tibbetts v. Warden*, Case No. 1:14-cv-602; *Fears v. Jenkins*, Case No. 2:17-cv-029; and *Wogenstahl v. Warden*, Case No. 1:17-cv-298.

applications are not second or successive.  *Campbell,* 2017 U.S. App. LEXIS 21094 at *3-4, citing, *inter alia*, *Panetti v. Quarterman,* 551 U.S. 930 (2007).

Before reaching the second-or-successive issues, however, the *Campbell* court decided to clarify what kinds of claims can be made in habeas, concluding that "[a]ll *Baze* and *Glossip* require is that -- in the peculiar context of method-of-execution claims -- the death-row inmate must proceed under § 1983."  *Id.* at *5-16.  It then decided that Campbell's claims were not cognizable in habeas:

> We simply hold that, on these facts, Campbell has not presented any new *habeas* claims that (if meritorious) would require us to vacate his death sentence. As we noted in rejecting Campbell's first argument-even if we were to agree with Campbell on the substance here, Ohio would still be permitted to execute him. The proper method for Campbell to bring these claims is in a § 1983 action under *Baze*-as he has done in the district court. See *In re Ohio Execution Protocol Litig.* If he prevails on the merits[3], the district court will enjoin Ohio officials from executing Campbell by lethal injection. Again, his claim is newly ripe, but he is here attempting to seek relief in the wrong forum.

*Campbell*, 2017 U.S. App. LEXIS 21094 at *19-20.  The *Campbell* court then decided Campbell's petition was second-or-successive and did not qualify for permission to proceed under 28 U.S.C. § 2244(b).  *Id.* at *23-24.

While conceding the Sixth Circuit found Campbell's lethal injection invalidity claims were not cognizable in habeas, Bays argues "[t]his Court should find that the statements in *Campbell* relating to cognizability are entitled to little, if any, precedential weight." (ECF No. 267, PageID 9024.)  As authority, Bays cites decisions from other circuits which he says disclaim application of second-or-successive decisions to the merits of habeas cases.  (ECF No.

---

[3] Campbell did not prevail on the merits at the preliminary injunction stage.  This Court denied preliminary injunctive relief.  *In re:  Ohio Injection Protocol Litig.*, 2017 U.S. Dist. LEXIS 182406 (S.D. Ohio Nov. 3, 2017). Campbell did not appeal and seek a stay of execution before his scheduled execution date of November 15, 2017, but has appealed since his execution was stopped in process on that date.

267, PageID 9024-25, citing *In re Rogers*, 825 F.3d 1335, 1340 (11th Cir. 2016); *United States v. Seabrooks*, 839 F.3d 1326, 1349 (11th Cir. 2016) (Martin, J., concurring); *Rey v. United States*, 786 F.3d 1089, 1091 (8th Cir. 2015); *Walker v. United States*, CV 316-052, 2017 WL 957369, at *6 (S.D. Ga. Mar. 10, 2017); and *James v. Walsh*, 308 F.3d 162, 169 (2d Cir. 2002).)

Bays concedes that the Sixth Circuit "does sometimes address the merits of a petitioner's underlying claims when denying authorization to proceed under § 2244(b)" (ECF No. 267, PageID 9025, citing *Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016), and *Brooks v. Bobby*, 660 F.3d 959 (6th Cir. 2011)). However, Bays says, the Sixth Circuit "does not appear to have considered the question of what type of precedential weight these decisions are entitled to apart from the jurisdictional issues that arise in the context of second or successive petitions." Because of that,

> This Court should conclude that rulings of this nature have limited precedential value with respect to the merits of the petitioner's underlying claims. The *Campbell* decision in particular was decided without full briefing or oral argument regarding the actual merits of the petitioner's case, and as a result it should not be relied upon to foreclose similar claims that are properly raised in a first federal habeas corpus petition.

*Id.*

Examining the case law cited by Bays, the Magistrate Judge finds no general disclaimer of the sort for which these cases are cited by Petitioner. *In re Rogers, supra*, declined to allow a second-or-successive application under § 2255 to raise a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015), because it found his second-in-time § 2255 motion did not state a claim under *Johnson,* i.e., it was without merit, where the prior conviction relied on to impose an Armed Career Criminal Act enhancement categorically qualified under the elements clause of the ACCA, and not under the residual clause declared unconstitutional by *Johnson*. In brief, it decided exactly the same question decided in *Campbell* – whether the second-in-time habeas application contained a cognizable claim. In passing the court noted it ordinarily does not have

time[4] or a full enough record to make that decision, but then it proceeded to do so.

*United States v. Seabrooks*, *supra,* is a decision on direct appeal and does not involve any second-or-successive decision; the cited concurring opinion of Judge Martin does not even contain any dictum about decisions under 28 U.S.C. § 2244(b).

*Rey v. United States*, *supra*, was an appeal from a dismissal of a second-in-time § 2255 motion as second or successive. Apparently the Eighth Circuit allows a district court to dismiss a second-in-time application that it finds to be second or successive, whereas Sixth Circuit practice requires transfer to the circuit court. In any event, the Eighth Circuit in *Rey* said nothing about the precedential value of § 2244(b) decisions.

*Walker, supra*, (also reported at 2017 U.S. Dist., LEXIS 34621), is another case under *Johnson v. United States, supra.* Walker received circuit court permission to file a second § 2255 application because the Supreme Court had held *Johnson* to apply retroactively and it was unclear which of Walker's prior convictions had been used to enhance his sentence. In granting permission, the Eleventh Circuit noted that its allowance of a second § 2255 motion involved only a *prima facie* determination of cognizability. At least according to Magistrate Judge Epps' Report, the Eleventh Circuit did not say its 2244(b) decisions could not ever reach the merits, but merely that it did not in this case.[5]

In *James v. Walsh*, *supra,* the Second Circuit found a prisoner's second-in-time § 2254 petition was not second or successive because his claim had not yet arisen when he filed his prior habeas petition. Because the petition was not second or successive, the Second Circuit

---

[4] Note the thirty-day time limit on deciding applications to pursue a second-or-successive application provided in 28 U.S.C. § 2244(b)(2)(D). Apparently some circuit courts treat that statutory language as precatory; the Sixth Circuit often takes more than thirty days to decide such applications.

[5] Counsel for Bays may know already or can quickly learn from the non-capital side of the Federal Defender's Office that the district courts received large numbers of *Johnson* claims after that case was decided, in large part because it was found to be retroactive by the Supreme Court. Persons still confined under long ACCA sentences or under the parallel Guidelines career offender classification had often filed an original § 2255 application before *Johnson* was decided.

transferred it to the district court, concluding it had no jurisdiction to consider the merits because it was not reviewing a judgment of a district court. This parallels the practice of the Sixth Circuit when it determines that a second application is not second or successive. *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017).

None of these out-of-circuit decisions has anything to say about whether a decision on a second or successive question provides any authority for deciding the cognizability of a particular constitutional claim in habeas corpus. In contrast, the *Campbell* court took considerable time to discuss the issue and plainly intended its decision to provide guidance to the district courts, whether or not it is binding precedent.

Bays cites two Sixth Circuit cases which he admits cut against his argument, *Moreland v. Robinson,* 813 F.3d 315 (6th Cir. 2016), and *Brooks v. Bobby*, 660 F.3d 959 (6th Cir. 2011). In *Moreland* the circuit decided that post-judgment motions to amend a habeas petition or for relief from judgment under Fed. R. Civ. P. 60(b)(6) are second-or-successive habeas applications if they meet the test of *Gonzalez v. Crosby,* 545 U.S. 524 (2005). It nevertheless affirmed this Court's denial of Moreland's motions on a finding that the new claims would be without merit. *Brooks* is a shadow-of-the-gallows decision denying on November 9, 2011, a stay of an execution set for and carried out on November 15, 2011. It does address the merits of a second-or-successive habeas application, finding it was second-or-successive and that the claims were barred by the law of the case.

**Whether or Not It Is Binding, *Campbell* Was Correctly Decided**

As set out at length in the Substituted Report (ECF No. 265, PageID 9010-13), counsel

for death row inmates in Ohio have had pending § 1983 cases challenging lethal injection protocols in Ohio since very shortly after the Supreme Court authorized bringing such challenges in § 1983 litigation in *Nelson v. Campbell,* 541 U.S. 637 (2004). That litigation is presently consolidated in *In re: Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016. As the *Campbell* majority notes, that form of litigation is ideally suited to prevent the unconstitutional execution of any person in Ohio. It provides ordinary civil discovery under the Federal Rules of Procedure in contrast to the very limited discovery allowed by the Rules Governing § 2254 Cases. It allows for full evidentiary hearings, both on preliminary injunction and at trial, in contrast to the very limited opportunity to take evidence in a habeas case. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). It is not subject to the second-or-successive gateway that applies in habeas. If successful, it provides complete relief from execution by any unconstitutional means. Why, then, do death row counsel insist on presenting substantively identical constitutional claims in both habeas and § 1983 simultaneously? Hope that the two cases will be assigned to different judges? Or is it just that complexity breeds delay which almost always serves the interest of death row inmates?

Whether or not *Campbell* creates binding precedent, it is clearly intended to provide guidance to the district courts by sorting out the appropriate forum in which to bring method-of-execution claims. Whether or not we are bound to follow Campbell, we should do so because it makes the appropriate allocation of those claims to § 1983 cases.

**The Nineteenth Ground for Relief**

The Nineteenth Ground for Relief alleges Bays' execution under Ohio's current execution protocol will be unconstitutional "because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law." (ECF No. 232-1, PageID 8583.)

In the original Report on Respondent's Motion to Dismiss, the Magistrate Judge recommended Ground Nineteen be dismissed "as noncognizable because it is based on federal statutory law instead of the Constitution (Report, ECF No. 256, PageID 8959-61). Bays objected at length (ECF No. 258). The Substituted Report recommended dismissal of Ground Nineteen on the same basis as Sixteen, Seventeen, and Eighteen, to wit, the holding in *Campbell* (ECF No. 265, PageID 9015-16).

Bays objects that *Campbell* applies only to *Baze/Glossip* Eighth Amendment method-of-execution claims and not to statutory claims such as he pleads in his Nineteenth Ground. This Supplement will deal first with the scope-of-*Campbell* objection and then those raised in Bays' prior set of Objections.

**Bays Claims *Campbell* is Limited to Eighth Amendment Claims**

Bays asserts *Campbell* does not apply to his Nineteenth Ground for Relief. He admits that Campbell pleaded a claim parallel to the Nineteenth Claim here and that the Sixth Circuit dismissed it, but because there is no discussion of that claim, concludes "the most likely

explanation is that the Sixth Circuit simply overlooked[6] the petitioner's statutory claim in conducting its analysis." (Objections, ECF No. 267, PageID 9026.)  Bays is correct that there is no discussion of in the opinion of Campbell's Fourth Ground for Relief which is a verbatim copy of Bays' Nineteenth Ground for Relief.[7]  There is also no discussion of the claim Campbell attempted to add under *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016).  Nevertheless, the Sixth Circuit dismissed Campbell's entire Petition.  2017 U.S. App. LEXIS at *24.  The *Campbell* opinion does not speak to Campbell's Fourth Ground for Relief but did dismiss that claim and the *Hurst* claim *sub silentio*.


**Previously Raised Objections**


In the original Report on the instant Motion to Dismiss, the Magistrate Judge found that, because this is a case brought under 28 U.S.C. § 2254, the Court could grant relief only if a violation of the federal Constitution was shown (Report, ECF No. 256, PageID 8960).  The Report distinguished the cases cited by Bays and concluded:

> In sum, Bays has cited no federal precedent for extending § 2254 relief to violations of federal statutes and particularly no precedent of the United States Supreme Court holding that the statutes cited in the Nineteenth Ground for Relief preempt state execution statutes and thus provide a constitutional basis for relief in a § 2254 case.

*Id.* at PageID 8961.

---

[6] Perhaps because at the time *Campbell* was handed down on October 25, 2017, Campbell was facing a November 15, 2017, execution date and the Court of Appeals was forced to act swiftly.

[7] **FOURTH GROUND FOR RELIEF:**  The State of Ohio cannot constitutionally execute Petitioner because Ohio's violations of federal law constitute a fundamental defect in the execution process, and the only manner of execution available for execution depends on state execution laws that are preempted by federal law.  (Case No. 2:15-cv-1702, ECF No. 47, PageID 897.)

Bays objects that the Magistrate Judge misread *Reed v. Farley*, 512 U.S. 339 (1994), as a case arising under 28 U.S.C. § 2255 whereas it arose under § 2254. This objection is well taken because *Reed* was a § 2254 case. Reed had been transferred from a federal prison to Indiana state custody under the Interstate Agreement on Detainers Act and was not tried within 120 days after transfer as provided in that Act. Thus he claimed Indiana violated his Sixth Amendment right to a speedy trial. In denying relief, the Supreme Court recognized that 28 U.S.C. § 2254(a) authorizes federal courts to grant habeas relief to a person held "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* at 347. The Court noted, however, that it had limited habeas review under §2254(a) to those errors that qualify as "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Id.* at 348, citing *Hill v. United States*, 368 U.S. 424 (1962). It found no such error in Reed's case where he failed to object at the time his trial date was set beyond the 120-day period provided for in the Interstate Agreement on Detainers.

Bays also relies on *Bashaw v. Paramo*, Case No. EDCV 13-829-MWK (KK), reported at 2014 WL 7331938 (C.D. Cal. Dec. 18, 2014), a case arising under § 2254. Bashaw's claims were pleaded only as constitutional claims, but Magistrate Judge Kato noted that "to the extent Petitioner's claim relies on the Americans with Disabilities Act or the Code of Federal Regulations, it lacks merit." *Id.* at *5. She applied the "fundamental defect" language from *Reed* and found that Bashaw had not established a fundamental defect. *Id.*

Thus the two cases relied on by Bays – *Reed* and *Bashaw* – establish in theory that habeas will lie for a federal statutory violation, although both courts found no right to habeas relief in the particular cases before them. Bays is correct that habeas under § 2254 will lie for federal statutory violations that create a fundamental defect in the process. The Magistrate

Judge's conclusion that only constitutional violations can be litigated in habeas was incorrect and is withdrawn.

Bays also objects that 28 U.S.C. § 2254(d) does not apply to his Nineteenth Claim because it was never presented to the state courts. To the extent the original Report could be read to imply a need to defer to a state court decision under § 2254(d), the Magistrate Judge agrees that implication would be incorrect. There is no relevant state court adjudication of this claim.

The question before the Court, then, is whether Bays' Nineteenth Ground pleads a violation of a federal statute that qualifies as a fundamental defect "which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed, supra*, at 347. The federal statutes Bays claims Ohio will violate in executing him are "various [unspecified] provisions of the Controlled Substances Act (CSA), 21 U.S.C. §§ 801, *et seq*., the Federal Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. §§ 301 *et seq*., and federal regulations issued by the Drug Enforcement Agency (DEA) and Food and Drug Administration (FDA)." (Second Amended Petition, ECF No. 247, ¶ 607, PageID 8883-84.) Bays also asserts that Ohio's lethal injection statute, Ohio Revised Code § 2949.22(A) and the Execution Protocol adopted to carry out that statute are preempted by the same federal statutes and regulations. *Id.* at ¶ 610, PageID 8884.

The time horizon of these claims makes clear that they belong in a forward-looking § 1983 complaint and not in a habeas corpus petition.

Petitioner Bays was convicted in 1995 of the November 1993 murder of Charles Weaver.[8] The conviction was affirmed on appeal by both the Second District Court of Appeals

---

[8] The litigation history is recited at length in the Magistrate Judge's Report and Recommendations on the merits. (ECF No. 109.)

and the Ohio Supreme Court. His last state court proceeding tolling the habeas corpus statute of limitations concluded on November 9, 2007, when he voluntarily dismissed his petition for post-conviction relief under *Atkins v. Virginia,* 536 U.S. 304 (2002). He then filed his original Petition in habeas corpus in this Court a year later on November 6, 2008. Judge Rose adopted the Magistrate Judge's recommendations on the merits on August 6, 2012 (ECF No. 134), yet there is still no judgment in the case because of continued litigation over whether lethal injection invalidity claims can be litigated in habeas corpus.

Although Ohio has execution dates set through August 24, 2022, it has set none for Petitioner Bays. What will happen in Ohio execution law, policy, and practice between now and then? Projections are difficult to make, given the dynamic nature of this area of the law, but it is very likely there will be a great deal of change of various kinds. This Court stands ready to adjudicate in a § 1983 case the claims Bays' makes in his Nineteenth Ground for Relief when his execution is imminent and it is at least known what method Ohio then proposes to use. 42 U.S.C. § 1983, as noted above, provides the full range of federal civil remedies both pre- and post-hearing, to prevent an execution that would be unconstitutional. As also noted above, Bays is a plaintiff in just such a case, *In re Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016. But Bays claims that § 1983 remedy is not adequate to protect his rights. In addition, he seeks to have his conviction, now more than twenty years old, declared void on the basis of facts which may not yet have happened.

Although *Campbell* only expressly addressed Eighth Amendment claims under *Baze* and *Glossip*, its logic is fully applicable here. The *Campbell* court wrote:

> [T]he *Glossip* Court necessarily barred all habeas petitions challenging "a particular application of a particular protocol to a particular person" as unconstitutionally painful. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). These challenges are properly

16

remedied by an injunction prohibiting the state from *taking certain actions*, rather than a writ of habeas corpus that vacates the sentence entirely.

A review of fundamental habeas and § 1983 principles confirms that this is the correct view of the law. Only when a serious error infects the very fact of a death sentence can the writ grant relief. *See Heck*, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383; *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017). This principle arises because habeas relief does not exist to ferret out every constitutional violation, or even to directly prohibit the government from breaking the law; instead, it exists to relieve the *prisoner* of an unlawful sentence. *See, e.g., Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *Gall v. Scroggy*, 603 F.3d 346, 353 (6th Cir. 2010). To that end, the writ necessarily "provides the petitioner the right to relief from *all* direct and collateral consequences of the unconstitutional [sentence]." *Gall*, 603 F.3d at 353 (emphasis added). **Thus, if a petitioner's legal theory would not** *inherently* **require the nullification of his death sentence, he has no business proceeding in a habeas court. The Great Writ is not concerned with the piecemeal reformation of an imperfect criminal justice system.**

In contrast, § 1983 is engineered to accomplish this lofty goal. The statute empowers a court to enjoin, "in equity," "the deprivation of *any* rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (emphasis added). When properly invoked, the statute can be used to compel the government to recognize that even the guilty have rights, and that even a conviction or death sentence does not deprive a person of their humanity. *See, e.g., Baze*, 553 U.S. at 52; *Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Tennessee v. Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985); *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Indeed, Ohio death-row inmates—including Campbell—are currently litigating the constitutionality of the protocol in a § 1983 action, seeking a declaration that Ohio's execution protocol is torturously painful. *See In re Ohio Execution Protocol Litig.*, No. 2:11-cv-1016 (S.D. Ohio). In fact, Campbell's motion for a preliminary injunction to stay execution is set for hearing this very week. Ultimately, this is the relief that all method-of-execution claims seek: an order directed at state officials, declaring that the state's ends do not justify its means, and requiring the state to find another, less cruel way to enforce a judgment of death against the prisoner.

2017 U.S. App. LEXIS 21094, *11-13.

Following the guidance of *Campbell*, this Court should hold that method-of-execution claims, whether or not they are *Baze/Glossip* claims, belong in § 1983 litigation and not in habeas. The Nineteenth Ground for Relief should be dismissed without prejudice to its consideration on the merits in *In re Ohio Execution Protocol Litig.* Such merits adjudication would include deciding whether Bays' Nineteenth Ground for Relief as pleaded in the Fpourth Amended Complaint in Case No. 2:11-cv-1016 state a claim for relief. Defendants in that case have a pending Motion to Dismiss (ECF No. 1379) which will be ripe for decision within the month.

**Bays' Claim Under *Atkins v. Virginia***

On January 3, 2014, the Court rejected Petitioner's Motion to add two Grounds for Relief related to his claim under *Atkins v. Virginia, supra* (ECF No. 173). However, no ruling has yet been made on whether to grant or deny a certificate of appealability on those claims. The Substituted Report recommended that the Court enter final judgment in the case, but Rule 11 of the Rules Governing § 2254 Cases requires that the appealability issue be decided when final judgment is entered. Instead of submitting argument on the issue, Bays asks for a deadline to move to expand the certificate of appealability (ECF No. 267, PageID 9028). However, the Magistrate Judge believes the issues were thoroughly vetted when the Motion to Amend was litigated. Because reasonable jurists would not disagree with the denial of Grounds Fourteen and Fifteen, a certificate of appealability should be denied on those grounds.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again recommends that the Sixteenth, Seventeenth, Eighteenth, and Nineteenth Grounds for Relief be dismissed without prejudice to their consideration in the § 1983 case. Petitioner should be granted a certificate of appealability on Ground Five as already ordered (ECF No. 148) and as to Grounds Sixteen, Seventeen, Eighteen, and Nineteen because of the changes of course by the Sixth Circuit on the cognizability of lethal injection claims in habeas corpus.

December 6, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).